**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 98-4449

TOYA W. MAYHEW,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
G. Ross Anderson, Jr., District Judge.
(CR-97-770)

Submitted: January 12, 1999

Decided: February 10, 1999

Before MURNAGHAN and WILKINS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Janis Richardson Hall, Greenville, South Carolina, for Appellant.
David Calhoun Stephens, Assistant United States Attorney, Green-
ville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Toya W. Mayhew appeals her sentence imposed after pleading guilty to possession of fifteen or more counterfeit and unauthorized access devices with intent to defraud, in violation of 18 U.S.C. § 1029(a)(3) (1994). Mayhew's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one issue with respect to Mayhew's sentence but stating that in her view, there are no meritorious grounds for appeal. Although she was informed of her right to do so, Mayhew has not filed a pro se supplemental brief. We affirm.

The Government's evidence shows that Mayhew and her mother possessed thirty-one stolen credit card numbers/access devices, with which they purchased approximately $10,000 in goods and services. The plea transcript reveals that Mayhew knowingly and voluntarily pled guilty to possession of the stolen numbers and access devices with intent to defraud. The sentencing court adopted the findings of the presentence investigation report (PSR) and set Mayhew's total offense level at nine. Mayhew's total offense level and criminal history category led to a guidelines sentencing range of four to ten months. See U.S. Sentencing Guidelines Manual Ch. 5, pt. A (1998). The district court sentenced her to four months' imprisonment followed by three years of supervised release and ordered her to pay restitution of $9848.27.

On appeal, Mayhew's counsel contends that the sentence imposed was more severe than the conduct warranted. Mayhew's sentence was within both statutory and guidelines ranges. See 18 U.S.C. § 1029(c); USSG Ch. 5, pt. A. Mayhew does not claim, nor does our review of the record indicate, that the sentencing range was incorrectly computed. See USSG §§ 2F1.1, 3E1.1(a), 4A1.1, 4A1.2. Our review of sentences is limited to those "imposed in violation of law" or those "imposed as a result of an incorrect application of the sentencing guidelines," or outside the range set by the guidelines. See 18 U.S.C. § 3742(a)(1)-(3) (1994); United States v. Speed, 53 F.3d 643, 647 (4th Cir. 1995); United States v. Porter, 909 F.2d 789, 794-95 (4th Cir. 1990). Because Mayhew's sentence was within a correctly calculated

2

guidelines range, her sentence is not appealable. See Porter, 909 F.2d at 794-95.

As required by Anders, we have examined the entire record and find no meritorious issues for appeal. Because the record discloses no reversible error, we affirm Mayhew's sentence. This court requires that counsel inform her client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3