**UNITED STATES of America, Appellee,**

v.

**Gary A. BOOTH, Defendant–Appellant.**

No. 1707, Docket 93–1098.

United States Court of Appeals,
Second Circuit.

Argued June 18, 1993.

Decided June 22, 1993.

Leonard C. Boyle, Asst. U.S. Atty., Hartford, CT (Albert S. Dabrowski, U.S. Atty., D. Conn., New Haven, CT, on the brief), for appellee.

Albert J. McGrail, Hartford, CT (McEleney & McGrail, on the brief), for defendant-appellant.

Before: KEARSE, MINER, and ALTIMARI, Circuit Judges.

PER CURIAM: .

Defendant Gary A. Booth appeals from a final judgment of the United States District Court for the District of Connecticut, following his plea of guilty before José A. Cabranes, *Chief Judge,* convicting him on three counts of interstate transportation of minors for unlawful sexual activity, in violation of 18 U.S.C. § 2423 (1988), and one count of sexual exploitation of children, in violation of 18 U.S.C. § 2251(b) (1988). He was sentenced principally to 120 months' imprisonment, to be followed by a three-year term of supervised release. On appeal, Booth challenges his sentence, contending, *inter alia,* that the district court erred in increasing his offense level under the federal Sentencing Guidelines ("Guidelines") for abuse of trust and obstruction of justice, and in not decreasing his offense level for acceptance of responsibility. Finding no merit in any of his contentions, we affirm.

Booth was an elementary school teacher in East Hartford, Connecticut, convicted of the above offenses after it came to light that on several occasions he had, *inter alia,* engaged in sexual acts with high-school-age boys, both in Connecticut and on trips to New York and Massachusetts. Some of these acts were photographed or videotaped. Following investigation by local police and the Federal Bureau of Investigation ("FBI"), Booth was indicted in a nine-count indictment, and pleaded guilty to the four counts described above. Prior to the indictment, Booth learned of the investigation and had a conversation with "C"—one of the teen-age victims of his offenses. Booth's "conceded behavior consisted of talking to Victim C about the situation and saying that he (C) shouldn't talk to the FBI about any sexual activity or drug use. Mr. Booth also concedes that he told Victim C to tell the other victims not to talk to the FBI." (Booth brief on appeal at 7 (footnote omitted).)

The district court, in calculating Booth's sentence under the Guidelines, increased his base offense level by two steps for abuse of trust and by two steps for obstruction of justice. Though decreasing the offense level under Guidelines § 3E1.1 by two steps for acceptance of responsibility, the court refused a further one-step reduction under that section. Booth principally challenges these sentencing decisions. We find his contentions to be without merit.

*Abuse of Trust*

In challenging the two-level enhancement for abuse of trust, Booth acknowledges that as a teacher he occupied a position of public trust; but he argues that because he taught in an elementary school and his unlawful activities principally involved boys who were in high school rather than elementary school, his status as a teacher was "not sufficiently related" to the commission of his offenses. We disagree.

Guidelines § 3B1.3 requires a two-step increase in offense level "[i]f the defendant abused a position of public or private trust ... in a manner that significantly facilitated the commission or concealment of the offense." An Application Note states that "[t]he position of trust must have contributed in some substantial way to facilitating the crime and not merely have provided an opportunity that could as easily have been afforded to other persons." Guidelines § 3B1.3 Application Note 1. "[W]hether the defendant was in a position of trust must be viewed from the perspective of the victim." *United States v. Castagnet,* 936 F.2d 57, 62 (2d Cir.1991). We give "due deference to the district court's application of the guidelines to the facts," 18 U.S.C. § 3742(e) (1988); *see*

*United States v. Santiago*, 906 F.2d 867, 871 (2d Cir.1990); *United States v. Parker*, 903 F.2d 91, 103 (2d Cir.), *cert. denied*, 498 U.S. 872, 111 S.Ct. 196, 112 L.Ed.2d 158 (1990); *United States v. Shoulberg*, 895 F.2d 882, 884 (2d Cir.1990), and we will not overturn the court's application of the Guidelines to the facts before it unless we conclude that there has been an abuse of discretion. *United States v. Santiago*, 906 F.2d at 871.

In the present case, though the record indicated that Booth had committed most of the sexual acts with his victims when they were high school students, he had known at least some of them when they were students in the elementary school at which he taught. The record also indicated that Booth had performed sexual acts with one of his victims when the boy was in seventh grade at Booth's school. At the sentencing hearing, the district court found that Booth's

> status as a public school teacher signifi-cantly contributed to the commission of these offenses, both by giving him an op-portunity to establish relationships with children and by giving him the credibility and authority that made parents willing to entrust their children to his care. There can be no doubt on this record that we are faced with a significant breach of trust—a breach of trust rooted in Booth's status as a public school teacher.

We agree that Booth's position as a school teacher facilitated both his access to the vic-tims and the boys' gaining their parents' permission to be in his company. The two-step enhancement for abuse of trust was appropriate.

*Other Arguments*

In addition, Booth challenges the court's sentencing decisions to increase his offense level for obstruction of justice and not to decrease his offense level by three steps, rather than two, for acceptance of responsi-bility. He also argues that the district court improperly refused to grant him a continu-ance with respect to sentencing. We reject all of his contentions.

In order to adjust Booth's offense level upward for attempted obstruction of justice under Guidelines § 3C1.1, the district court was required to make a finding that Booth intended to obstruct justice. *See, e.g., United States v. Stroud*, 893 F.2d 504, 507 (2d Cir.1990) (" 'willfully,' as used in section 3C1.1, requires that the defendant conscious-ly act with the *purpose* of obstructing jus-tice") (emphasis in original)). Booth con-tends that the court could not, on the record before it, make such a finding. This conten-tion is frivolous.

Booth's conceded actions included telling Victim C not to talk to the FBI about any sexual activity or drug use and telling Victim C to tell the other victims not to talk to the FBI. The district court found that the con-ceded conduct clearly constituted a willful attempt to obstruct justice. The court's find-ing was sufficient and its application of the guideline was appropriate.

We also reject Booth's contention that, in addition to the two-step reduction in offense level he received for acceptance of responsibility, he was entitled to an addition-al one-step reduction under Guidelines § 3E1.1(b) for the "extraordinary circum-stances" of his cooperation, including volun-tarily appearing in court, admitting his un-lawful conduct, and resigning from his teach-ing position. The decision as to whether there are extraordinary circumstances war-ranting such an award is committed to the discretion of the district court. "The sen-tencing judge is in a unique position to evalu-ate a defendant's acceptance of responsibili-ty. For this reason, the determination of the sentencing judge is entitled to great defer-ence on review." Guidelines § 3E1.1 Appli-cation Note 5. Here, the court denied Booth's request "[b]ased on the full record" before it. Given that that record included Booth's attempted obstruction of the investi-gation, we cannot conclude that the court's denial of additional credit for acceptance of responsibility was an abuse of discretion.

Finally, we reject Booth's attack on the court's refusal to grant him a continuance of the final date for sentencing. "A sentenc-ing court has broad discretion respecting the scheduling of sentencing proceedings. Ab-sent a showing both that the denial was arbitrary and that it substantially impaired the defendant's opportunity to secure a fair

sentence, we will not vacate a sentence because a continuance was denied." *United States v. Prescott*, 920 F.2d 139, 146–47 (2d Cir.1990); *see also United States v. Alexander*, 860 F.2d 508, 512 (2d Cir.1988). In this case, the court had already granted two continuances, and although Booth's proffered reasons for seeking a third continuance do not appear to have been frivolous, the district court's denial of his request was not an abuse of discretion.

We have considered all of Booth's contentions on this appeal and have found them to be without merit. The judgment of conviction is affirmed.