104 F.3d 354
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Joseph C. PALMISANO, Defendant-Appellant.
 No. 96-1142.
 United States Court of Appeals, Second Circuit.
 Nov. 22, 1996.
 
 FOR APPELLANT: Mark A. Kaplan, Jarvis and Kaplan, Burlington, VT.
 FOR APPELLEE: Gregory L. Waples, A.U.S.A., Dist. of VT, Burlington, VT.
 Before LUMBARD, McLAUGHLIN, and CABRANES, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the District of Vermont and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, it is hereby ordered, adjudged, and decreed that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 3
 Joseph Palmisano ("Palmisano") was one of Vermont's leading bankruptcy attorneys. For the last several years, Palmisano has defrauded clients and other investors of millions of dollars through bogus investment schemes and other chicanery.
 
 
 4
 Palmisano kept track of his "investments" with a computer program designed by one of his clients and investors, John Gifford ("Gifford"). One day while helping Palmisano solve a computer problem, Gifford copied Palmisano's "investment" files on to a disk. Gifford examined the information on the disks and kept them.
 
 
 5
 During the investigation of Palmisano, Gifford turned the disks over to the FBI. With this information and other evidence, Palmisano was indicted in the United States District Court for the District of Vermont (Gagliardi, J.) on 40 counts of fraud and related crimes.
 
 
 6
 Soon after his indictment, Palmisano moved to delay the commencement of trial because of his alleged physical and mental impairment. After a hearing, the district court determined Palmisano was competent to stand trial.
 
 
 7
 Palmisano also moved the district court to suppress the computer disks, and to dismiss his indictment because the government allegedly disseminated grand jury material to the press. Both motions were denied.
 
 
 8
 In the months before trial, Palmisano became disillusioned with his attorney. A few days before trial, Palmisano became convinced that his attorney was not adequately prepared, and therefore, pled guilty to all counts of his indictment, except one.
 
 
 9
 On the day he pled guilty, Palmisano was led from the courtroom by U.S. Marshals. As he was leaving, he turned to two former clients and potential witnesses and yelled "I will get you [expletive deleted]."
 
 
 10
 Six days before sentencing, and five months after his original plea, Palmisano moved to withdraw his guilty plea, arguing that he was forced to plead guilty because of his counsel's lack of preparation. After a hearing, the district court (Billings, J.) denied the motion.
 
 
 11
 At sentencing, the district court accepted most of the Pre-Sentence Report (PSR) recommendations, but increased Palmisano's offense level by two for obstruction of justice and refused to give him a two level reduction for acceptance of responsibility. Therefore, the district court sentenced Palmisano to 188 months in prison based on an offense level of 34, which provides for a sentencing range of 151 to 188 months.
 
 
 12
 Palmisano now appeals, arguing that (1) the district court abused its discretion when it denied his motion to withdraw his guilty plea; (2) the district court erred when it refused to suppress the computer disks; (3) the district court abused its discretion when it refused to dismiss the indictment; (4) the district court committed clear error when it found Palmisano competent to stand trial; (5) the district court clearly erred when it determined the fraud loss calculation; (6) the district court erred when it increased Palmisano's offense level for obstruction of justice; (7) the district court improperly denied Palmisano's request for a reduction for acceptance of responsibility; (8) the district court erred when it failed to dismiss the prosecution on Double Jeopardy grounds; and (9) the trial judge and sentencing judge improperly failed to recuse themselves because of judicial prejudice.
 
 Withdrawal of Guilty Plea
 
 13
 Under Fed.R.Crim.P. 32(e), a district court may permit a defendant to withdraw a guilty plea if the motion is made before sentencing and there is a "fair and just reason" for the withdrawal. Fed.R.Crim.P. 32(e). The defendant bears the burden of demonstrating to the trial court that there is a "fair and just reason" for withdrawal. United States v. Williams, 23 F.3d 629, 634-35 (2d Cir.), cert. denied 115 S.Ct. 641 (1994).
 
 
 14
 We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. See Williams, 23 F.3d at 635.
 
 
 15
 The district court did not abuse its discretion when it refused to allow Palmisano to withdraw his guilty plea. The sentencing judge, Judge Billings, disbelieved Palmisano's testimony that he only pled guilty because of his lawyer's inadequate preparation, finding it to be in direct contrast to the plea agreement he signed and the statements he made at the time of his plea.
 
 Suppression of Computer Disks
 
 16
 We will reverse a suppression court's findings of fact only if they are clearly erroneous, but will review de novo its conclusions of law. United States v. Blue, 78 F.3d 56, 59 (2d Cir.1996).
 
 
 17
 The Fourth Amendment protects only reasonable expectations of privacy. Oliver v. United States, 466 U.S. 170, 177 (1984). We have held that where a private individual examines a closed container or file, the owner's legitimate expectation of privacy has been lost and the individual may properly turn it over to law enforcement authorities. United States v. Knoll, 16 F.3d 1313, 1319 (2d Cir.1994).
 
 
 18
 Because John Gifford had reviewed the contents of the disks before turning them over to the FBI, there was no Fourth Amendment violation.
 
 Refusal to Dismiss Indictment
 
 19
 Rule 6(e) of the Federal Rules of Criminal Procedure prohibits the prosecution and others from disclosing matters occurring before the grand jury. Fed.R.Crim.P. 6(e).
 
 
 20
 Dismissing an indictment is the most extreme sanction for prosecutorial misconduct. United States v. Fields, 592 F.2d 638, 646-47 (2d Cir.1978). Such an extreme sanction is only justified in order to: (1) eliminate prejudice in a criminal prosecution, or (2) correct a pattern of prosecutorial misconduct. Id. at 647.
 
 
 21
 We review a district court's refusal to dismiss an indictment for abuse of discretion. Id. at 646-47.
 
 
 22
 Because Palmisano cannot show any wrongdoing on the part of the prosecution, and has no proof that any of the grand jury information allegedly leaked to the press prejudiced his case, the district court did not abuse its discretion when it refused to dismiss Palmisano's indictment.
 
 Competence to Stand Trial
 
 23
 A finding of competency will not be set aside on appeal unless it is clearly erroneous. United States v. Nichols, 56 F.3d 403, 411 (2d Cir.1995). We have stated that "where there are two permissible views of evidence as to competency, the court's choice between them cannot be deemed clearly erroneous." Id.
 
 
 24
 The court conducted an evidentiary hearing, heard testimony of four medical experts, and determined that Palmisano was competent to stand trial. This determination was not clearly erroneous.
 
 Fraud Loss Calculation
 
 25
 We review the district court's applications of the Sentencing Guidelines de novo and the district court's findings of fact for clear error. United States v. Stanley, 12 F.3d 17, 20 (2d Cir.1993).
 
 
 26
 Palmisano argues that the district court improperly included $500,000 he received as attorney's fees in its loss calculation. The district court determined that the $500,000 was not received as attorney's fees, but rather was procured by fraud. Palmisano pled guilty to fraud against the client at issue, and never provided the client with any accounting for the $500,000. Given the evidence in this case, the district court did not clearly err when it concluded that the $500,000 was gotten by false pretenses and therefore, should be included in its fraud calculation.
 
 Obstruction of Justice
 
 27
 We review the district court's factual determinations concerning obstruction of justice for clear error, but review de novo the question whether such facts amount to obstruction within the meaning of the Sentencing Guidelines. United States v. Hernandez, 83 F.3d 582, 585 (2d Cir.1996).
 
 
 28
 Sentencing Guidelines § 3C1.1 provides a two level enhancement for a defendant who "willfully obstructed or impeded, or attempted to obstruct or impeded, the administration of justice during the investigation, prosecution, or sentencing of the instant offense."
 
 
 29
 The district court found that Palmisano obstructed justice on three occasions. On two occasions, Palmisano advised clients not to cooperate with federal authorities. On one of these occasions, Palmisano directed a client to withhold specific information regarding life insurance proceeds. The third example of Palmisano's obstruction of justice was the threats he made to two former clients and potential witnesses on the day of his plea.
 
 
 30
 We have affirmed obstruction of justice enhancements for similar conduct. See United States v. Sanchez, 35 F.3d 673, 679-80 (2d Cir.1994); United States v. Booth, 996 F.2d 1395 (2d Cir.1993).
 
 Acceptance of Responsibility
 
 31
 "Because the sentencing court is in a unique position to evaluate a defendant's acceptance of responsibility, its determination is entitled to great deference on review and will not be disturbed unless it is without foundation." United States v. Defeo, 36 F.3d 272, 277 (2d Cir.1994) (citations omitted).
 
 
 32
 Absent extraordinary circumstances, a defendant who obstructs justice forfeits any claim to credit for acceptance. United States v. Thompson, 76 F.3d 442, 458 (2d Cir.1996).
 
 
 33
 Using the deferential standard mentioned above, there is ample evidence, including a finding that Palmisano obstructed justice, to support the district court's refusal to reduce Palmisano's sentence for acceptance of responsibility.
 
 
 34
 We have considered all the additional arguments raised by Palmisano, including his Double Jeopardy claim and his claim that Judges Gagliardi and Billings should have recused themselves, and find them to be without merit. In addition, the Double Jeopardy claim and the recusal claim were not raised below, and therefore, cannot be considered on appeal. See United States v. Yonkers Bd. of Educ, 946 F.2d 180, 183 (2d Cir.1991).
 
 
 35
 Accordingly, the judgment of the district court is AFFIRMED.