**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 97-4018

DOUG ANTHONY HICKS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CR-96-102)

Submitted: April 7, 1998

Decided: May 18, 1998

Before HAMILTON and LUTTIG, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael E. Kaminkow, Harry Levy, SCHULMAN, TREEM,
KAMINKOW & GILDEN, P.A., Baltimore, Maryland, for Appellant.
Lynne A. Battaglia, United States Attorney, Andrea L. Smith, Assis-
tant United States Attorney, Angela R. White, Assistant United States
Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Doug Anthony Hicks was convicted by a jury of being a felon in possession of a firearm in violation of 18 U.S.C.A.§ 922(g)(1) (West Supp. 1998). He appeals his conviction and sentence, contending that the district court erred by refusing to postpone sentencing and enhancing his base offense level by four levels under U.S. SENTENCING GUIDELINES MANUAL § 2K2.1(b)(5) (1995). We grant Hicks' motion to file a supplemental brief and affirm the conviction and sentence.

I.

The facts presented in this appeal are straightforward. Hicks and Julian Hines went to the house where Sheila Fields and Joseph Barnes resided to see Field's daughter, Michelle. Michelle Fields was Hicks' girlfriend, and Hicks wanted her to pay him the money she owed him. Sheila Fields told Hicks that Michelle was not in the house. Hicks pulled a firearm, pointed it at Sheila Fields' head, and instructed her to call her daughter to come pay the debt. Sheila Fields related these events to her daughter Michelle, who called the police and asked them to go to her mother's house.

When the police arrived, they spoke to Barnes and Hicks by telephone. Barnes convinced Hicks to give him the gun, and Barnes hid the weapon in the basement before Hicks surrendered to police and was arrested. Barnes eventually showed officers where he hid the gun, a fully loaded semiautomatic pistol.

At trial, Hicks stipulated that the pistol affected interstate commerce. He also stipulated that he had a prior conviction--guilty plea to robbery with a deadly weapon in 1978--that was punishable by imprisonment for more than one year and that his civil rights had not

2

been restored. The jury convicted Hicks of being a felon in possession of a firearm.

After his conviction but before sentencing, Hicks filed a petition for a writ of error coram nobis in state court, challenging his seventeen-year-old conviction that was the predicate felony in the instant offense on the ground that his guilty plea in state court was defective. Hicks moved for a postponement of his sentencing to allow the state court to rule on his petition and stated that the filing of the petition was delayed in order to locate the file and obtain a copy of the transcript of the guilty plea hearing. The district court denied Hicks' motion, finding that waiting for the state court to rule on Hicks' petition would delay the sentencing proceedings for many months and noting that if Hicks obtained relief in the state court he could be resentenced.

In the presentence report, the probation officer recommended a base offense level of twenty under USSG § 2K2.1(a)(4) and a four-level enhancement under USSG § 2K2.1(b)(5), for using a firearm in connection with another felony offense, for a total offense level of twenty-four. With a criminal history category of III, the applicable guideline range was sixty-three to seventy-eight months.

At the sentencing hearing, Hicks objected to the four-level enhancement on the ground that he merely brandished the weapon but did not use it. The district court overruled Hicks' objection and sentenced him to sixty-five months imprisonment to be followed by a three-year term of supervised release. Hicks timely appeals.

II.

Hicks first claims that the district court erred by denying his motion to postpone the sentencing hearing. We review the district court's grant or denial of a motion for a continuance for an abuse of discretion. See United States v. Myers, 66 F.3d 1364, 1369 (4th Cir. 1995). "Because a district court has broad discretion in scheduling the sentencing proceeding, `[a]bsent a showing both that the denial was arbitrary and that it substantially impaired the defendant's opportunity to secure a fair sentence, we will not vacate a sentence because a continuance was denied.'" United States v. Speed , 53 F.3d 643, 644-45

3

(4th Cir. 1995) (quoting United States v. Booth , 996 F.2d 1395, 1397-98 (2d Cir. 1993)).

Although Hicks contends on appeal that he sought a short post-ponement of the sentencing proceedings to challenge a seventeen-year-old conviction in state court, the resulting delay likely would have been many months. Given the uncertainty of the outcome of the state proceedings, we cannot say that the district court's decision to deny Hicks' request for a postponement was "arbitrary and . . . sub-stantially impaired [his] opportunity to secure a fair sentence." See Speed, 53 F.3d at 644. Moreover, the district court properly found that if Hicks' state sentence upon which his conviction is predicated is overturned, he may seek to be resentenced. See Custis v. United States, 511 U.S. 485, 497 (1994). We therefore find no abuse of dis-cretion. See Myers, 66 F.3d at 1369.

III.

Hicks also appeals the four-level enhancement imposed pursuant to USSG § 2K2.1(b)(5), contending that he merely brandished--but did not use--a weapon. We review the district court's factual findings for clear error and its interpretation of the guidelines de novo. See United States v. Nale, 101 F.3d 1000, 1003 (4th Cir. 1996).

A sentencing court should apply the enhancement under § 2K2.1(b)(5) "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense. . . ." USSG § 2K2.1(b)(5). The application note defines a felony offense as any "offense (federal, state, or local) punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought, or conviction obtained." USSG § 2K2.1(b)(5), comment. (n.7).

Here, the felony offense was the assault of Sheila Fields. Hicks pointed a fully loaded semiautomatic pistol to her head to make Fields call her daughter Michelle and tell her to pay Hicks the debt she owed him. On these facts, the district court's finding that Hicks' actions constituted felony assault under Maryland law was not clearly errone-ous. See Md. Ann. Code art. 27, § 12A-1 (Supp. 1997).

4

IV.

Finally, Hicks claims in his supplemental brief that he did not stipulate that the firearm affected interstate commerce and that the district court erred in failing to rule on his motion to suppress evidence, allowing the jury to see the state court judgment of the predicate felony offense, and refusing to release him on bail before trial. We have considered his claims and reject them as meritless.

Accordingly, we affirm Hicks' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5