**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                                    No. 99-4143

IKE RAYEFORD WILLIAMS,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-98-101)

Submitted: October 29, 1999

Decided: November 19, 1999

Before WILKINS, LUTTIG, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Scott E. Leemon, BRONSON & LEEMON, L.L.P., New York, New
York, for Appellant. Walter C. Holton, Jr., United States Attorney,
Steven H. Levin, Assistant United States Attorney, Greensboro, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Ike Rayeford Williams was convicted of conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C.§§ 846, 841(a)(1) (1994). At his sentencing hearing, Williams moved for a continuance based on the unavailability of the trial transcript prior to the hearing. The district court denied the motion and sentenced Williams to 253 months imprisonment, five years supervised release, and a $100 special assessment. Williams seeks to appeal his sentence, arguing that the district court erred in denying the motion for a continuance.

A district court's decision to grant or deny a motion for continuance is reviewed for an abuse of discretion. See United States v. Speed, 53 F.3d 643, 644 (4th Cir. 1995). The United States Supreme Court has defined abuse of discretion in the context of a denial of a motion for continuance as "an unreasoning and arbitrary `insistence upon expeditiousness in the face of a justifiable request for a delay.'" Morris v. Slappy, 461 U.S. 1, 11-12 (1983) (quoting Ungar v. Sarafite, 376 U.S. 575, 589 (1964)). A district court is afforded broad discretion in scheduling the sentencing proceedings; accordingly, "`[a]bsent a showing both that the denial was arbitrary and that it substantially impaired the defendant's opportunity to secure a fair sentence, we will not vacate a sentence because a continuance was denied.'" Speed, 53 F.3d at 644-45 (quoting United States v. Booth, 996 F.2d 1395, 1397-98 (2d Cir. 1993)).

We have reviewed the record and do not find the district court abused its discretion in denying the motion to continue. Furthermore, Williams has raised only a general assertion that he was prejudiced by the denial of a continuance; he has failed to specifically identify any information contained in the trial transcript that would undermine confidence in the outcome of the sentencing. See United States v. LaRouche, 896 F.2d 815, 823 (4th Cir. 1990). As to the assertion that counsel needed a continuance to argue for a downward departure based on Williams' family circumstances, the lack of a transcript does not explain counsel's inability to cite legal precedent in support of his argument.

2

We affirm Williams' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3