UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                          No. 00-4643

MARGARET N. SMITH,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
W. Craig Broadwater, District Judge.
(CR-00-16)

Submitted: March 6, 2001

Decided: April 16, 2001

Before WILKINS, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

## COUNSEL

Jay Thornton McCamic, MCCAMIC & MCCAMIC, Wheeling, West
Virginia, for Appellant. Melvin W. Kahle, Jr., United States Attorney,
Lisa Grimes Johnston, Assistant United States Attorney, Wheeling,
West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Margaret N. Smith appeals the sentence of imprisonment for one year and one day imposed after her guilty plea to embezzlement, 18 U.S.C.A. § 656 (West 2000). She contends that the district court abused its discretion in denying her motion to continue sentencing for one year and failed to recognize its authority to depart downward for extraordinary rehabilitation. We affirm in part and dismiss in part.

Smith embezzled money from her employer for five years. After her guilty plea, she moved to continue sentencing for one year so that she could have more time to attend college, do charitable work, get another job, and generally qualify herself for a downward departure based on rehabilitation. At the same time, she moved for a downward departure based on extraordinary remorse and rehabilitation. The district court denied Smith's motion to continue sentencing and, after hearing Smith's evidence in support of a departure, decided not to depart because her efforts at rehabilitation were not extraordinary.

The district court's decision to deny a continuance is reviewed for abuse of discretion. *United States v. Speed*, 53 F.3d 643, 644 (4th Cir. 1995). Fed. R. Crim. P. 32(a) provides that the "sentence should be imposed without unnecessary delay" after the presentence report is submitted to the district court. The Rule further provides that the time limits prescribed in subsection (b)(6) "may be either shortened or lengthened for good cause." Fed. R. Crim. P. 32(a).

Under some circumstances, denial of a continuance of sentencing may be an abuse of discretion that warrants resentencing. However, the defendant must demonstrate substantial impairment of his opportunity to secure a fair sentence. *United States v. Booth*, 996 F.2d 1395, 1397-98 (2d Cir. 1993).

We find that Smith did not suffer any impairment of her opportunity to secure a fair sentence, and that the denial of a year's continuance was not an abuse of discretion. Smith's case is distinguishable from *United States v. Flowers*, 983 F. Supp. 159 (E.D.N.Y. 1997), in which the district court granted a one-year delay in sentencing for a first-time drug offender whose involvement in the drug offense was limited to one instance where she acted as a courier, who faced a longer sentence than Smith, and who had a small child. Moreover, Smith's situation is different from that of a defendant who can assist the government in an investigation of other illegal conduct. In such cases, delay in sentencing is primarily for the benefit of law enforcement authorities.

A sentencing court's decision not to depart is not reviewable unless the court's decision not to depart is based on a mistaken view that it lacks the authority to depart. *United States v. Edwards*, 188 F.3d 230, 238 (4th Cir. 1999); *United States v. Bayerle*, 898 F.2d 28, 31 (4th Cir. 1990). Review is not available if the district court decides that the facts and circumstances of the case do not warrant departure. *United States v. Brock*, 108 F.3d 31, 33 (4th Cir. 1997).

We have previously held that a sentencing court may depart based on a defendant's rehabilitative efforts. *Brock*, 108 F.3d at 35. *Brock* was discussed at Smith's sentencing, leaving no doubt that the district court's decision in this case was not based on any misunderstanding of its legal authority to depart for extraordinary rehabilitation. *Bayerle* holds only that the district court must understand its general legal authority to depart on a specific ground when the facts and circumstances presented in the case at hand warrant departure. *Bayerle* does not require review of a decision not to depart when the district court merely expresses some uncertainty as to whether the facts and circumstances warrant departure in a particular case. In this case, because the district court understood its legal authority to depart for post-offense rehabilitation and decided that Smith's rehabilitation did not justify a departure, we lack jurisdiction to review the court's decision.

We therefore affirm the district court's denial of the motion to continue sentencing. We dismiss that portion of the appeal which challenges the district court's decision not to depart as error based on a

failure to understand its authority to depart. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, DISMISSED IN PART*