**UNITED STATES of America,**
**Appellee,**

**v.**

**Mahmud ZANDI, Defendant–Appellant.**

**No. 07–1750–cr.**

United States Court of Appeals,
Second Circuit.

May 30, 2008.

James C. Neville, Port Washington, NY, for Appellant.

Robert M. Radick, Assistant United States Attorney, (Susan Corkery, Assistant United States Attorney, on the brief), for Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

* The Honorable J. Clifford Wallace, United States Court of Appeals for the Ninth Circuit, sitting by designation.

Present: Hon. RICHARD C. WESLEY, Hon. DEBRA ANN LIVINGSTON, Hon. J. CLIFFORD WALLACE,* Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Mahmud Zandi appeals from a judgment entered April 24, 2007, in the United States District Court for the Eastern District of New York (Wexler, J.), convicting him, after a jury trial, of conspiracy to manufacture 50 or more grams of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii); attempt to manufacture 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii); conspiracy to possess and distribute pseudoephedrine to be used to manufacture methamphetamine in violation of 21 U.S.C. §§ 846 and 841(c); and attempt to possess and distribute pseudoephedrine to be used to manufacture methamphetamine in violation of 21 U.S.C. §§ 846 and 841(c). We assume the parties' familiarity as to the facts, the procedural context, and the specification of appellate issues.

Zandi raises three issues for our review—that the district court erred in: (1) admitting evidence of post-arrest telephone calls in which he discussed the purchase and sale of pseudoephedrine and its conversion into methamphetamine; (2) denying his motion for a new trial based on newly discovered evidence that a government witness lied in testifying that the witness was a United States citizen; and (3) denying his request for a continuance of the final date for sentencing. We reject these arguments.

■ Under Federal Rule of Evidence 404(b), evidence of a defendant's other acts may be admitted "for any purpose other than to demonstrate criminal propensity," *United States v. LaFlam*, 369 F.3d 153, 156 (2d Cir.2004), including to show knowledge and intent, *United States v. Garcia*, 291 F.3d 127, 137 (2d Cir.2002). Here, evidence of the telephone calls recorded four years after his arrest was relevant to prove Zandi's knowledge that pseudoephedrine is used to make methamphetamine—a point that he steadfastly denied knowing. Given the similarity between the pseudoephedrine scheme for which he was convicted and that discussed in the telephone calls, the district court did not abuse its discretion in determining that the conversations were relevant to demonstrate his knowledge that pseudoephedrine could be converted into methamphetamine. *See United States v. Rutkoske*, 506 F.3d 170, 178 (2d Cir.2007).

■ Zandi argues for a new trial based on the subsequent discovery that government witness Ahmed Shaat lied in testifying that he was a naturalized American citizen. "Whether the introduction of perjured testimony requires a new trial depends on the materiality of the perjury to the jury's verdict and the extent to which the prosecution was aware of the perjury." *United States v. Wallach*, 935 F.2d 445, 456 (2d Cir.1991). Where, as here, the government was not aware of the perjury, a new trial is "warranted only if the testimony was material and the court is left with a firm belief that but for the perjured testimony, the defendant would most likely not have been convicted." *Id.* (internal quotations and alterations omitted). Shaat's lie about his citizenship can hardly be considered material. His testimony was far from the only evidence incriminating Zandi, and his cross-examination revealed that he had previously lied to feder-

al agents. The discovery that he had lied about his citizenship is exactly "the sort of cumulative impeachment material that is routinely held insufficient to warrant a new trial." *United States v. Wong*, 78 F.3d 73, 82 (2d Cir.1996) (quoting *United States v. White*, 972 F.2d 16, 22 (2d Cir. 1992)).

■ Lastly, the district court did not abuse its discretion in denying Zandi's request for a continuance of his sentence. This Court will not vacate a sentence due to a denied continuance unless "the denial was arbitrary and ... it substantially impaired the defendant's opportunity to secure a fair sentence." *United States v. Booth*, 996 F.2d 1395, 1397–98 (2d Cir. 1993) (quoting *United States v. Prescott*, 920 F.2d 139, 146–47 (2d Cir.1990)). The court had already granted Zandi multiple continuances; its denial of another was not an abuse of discretion.

Accordingly, for the reasons set forth above, the judgment of the district court is AFFIRMED.