**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 09-4223**

─────────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

MITCHELL SWAIN,

                    Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern
District of North Carolina, at Greenville.  James C. Dever III,
District Judge.  (4:07-cr-00062-D-1)

─────────────

Submitted:  January 21, 2010       Decided:  February 25, 2010

─────────────

Before NIEMEYER, MICHAEL, and AGEE, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Marilyn G. Ozer, MASSENGALE & OZER, Chapel Hill, North Carolina,
for Appellant.  George E. B. Holding, United States Attorney,
Anne M. Hayes, Jennifer P. May-Parker, Assistant United States
Attorneys, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mitchell Swain appeals the 324-month sentence imposed by the district court after he pled guilty, pursuant to a plea agreement, to one count of conspiracy to distribute and possess with intent to distribute more than fifty grams of crack cocaine and a quantity of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) (2006). On appeal, Swain argues that the district court abused its discretion and violated his right to counsel by denying his motion for a continuance, which allowed counsel only four days to prepare for sentencing. The Government responds in support of the district court's decision. We affirm.

"[A] trial court's denial of a continuance is . . . reviewed for abuse of discretion; even if such an abuse is found, the defendant must show that the error specifically prejudiced h[is] case in order to prevail." United States v. Hedgepeth, 418 F.3d 411, 419 (4th Cir. 2005). "[B]road discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to the assistance of counsel." Morris v. Slappy, 461 U.S. 1, 11-12 (1983) (internal quotation marks omitted). A district court need not grant a continuance "where the request for it plausibly can be viewed as simply a delaying tactic or as otherwise unreasonable." United States v. Attar,

2

38 F.3d 727, 735 (4th Cir. 1994).  In the context of sentencing, "[a]bsent a showing both that the denial was arbitrary and that it substantially impaired the defendant's opportunity to secure a fair sentence, [this court] will not vacate a sentence because a continuance was denied."  United States v. Speed, 53 F.3d 643, 644-45 (4th Cir. 1995) (quoting United States v. Booth, 996 F.2d 1395, 1397-98 (2d Cir. 1993)) (internal quotation marks omitted).  Our review of the record leads us to conclude that the district court did not abuse its discretion in denying the requested continuance.

Accordingly, we affirm Swain's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED