18-3641-cr
*United States v. John Jones*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of April, two thousand twenty.

PRESENT:   BARRINGTON D. PARKER,
           DENNY CHIN,
           WILLIAM J. NARDINI
                *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                *Appellee*,

            -v-                                    18-3641-cr

CHILDLOVE GELIN, AKA ROME, AKA HAITI,
JOSHUA HEATHMAN, AKA ERIC,
                *Defendants*,

JOHN JONES, AKA CHAMP,
                *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                         NATHANAEL T. BURRIS, Assistant United
                                      States Attorney (Gregory L. Waples, Assistant
                                      United States Attorney, *on the brief*), *for*
                                      Christina E. Nolan, United States Attorney for
                                      the District of Vermont, Burlington, Vermont.

FOR DEFENDANT-APPELLANT:              SUSAN C. WOLFE, Law Office of Susan C.
                                      Wolfe, New York, New York, *and* Sarah M.
                                      Sacks, *on the brief*, Epstein Sacks PLLC, New
                                      York, New York.

Appeal from the United States District Court for the District of Vermont (Reiss, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-appellant John Jones appeals from the judgment entered November 29, 2018, following his conviction at a jury trial, sentencing him principally to 85 months' imprisonment for (1) conspiring to distribute cocaine and heroin, (2) distributing heroin, and (3) possessing with intent to distribute 28 grams or more of cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B), and (b)(1)(C). On appeal, Jones contends that the district court abused its discretion in rejecting his plea agreement, and that the evidence at trial was insufficient to support his conviction for possession with intent to distribute the cocaine base ("count three"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

## DISCUSSION

### I.    Rejection of Guilty Plea

Jones first contends that the district court abused its discretion in rejecting his plea agreement and erred in subsequently denying his request to proceed to sentencing on his guilty plea in the absence of an agreement.  We reject this argument because Jones himself asked the district court to reject the plea agreement and because there was no error in the district court's decision to hold Jones's guilty plea in abeyance pending resolution of the charges against him that remained outstanding.

#### A.    Procedural History

The plea agreement was filed with the district court on December 15, 2016, along with a Superseding Information.  Although Jones had already been indicted for the relevant conduct (the "First Superseding Indictment"), the plea agreement contemplated that Jones would plead guilty to the Superseding Information -- which contained a lesser, non-mandatory-minimum conspiracy charge -- in exchange for the Government agreeing to dismiss the First Superseding Indictment at sentencing.  The parties further agreed in the plea agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that the appropriate term of imprisonment for the district court to impose was 55 months.  The district court accepted Jones's guilty plea that day, but deferred acceptance of the plea agreement until sentencing.

By the time sentencing was scheduled, however, Jones no longer wished to be bound by the plea agreement. In a memorandum submitted to the district court in advance of sentencing, Jones asked the district court to reject the plea agreement. *See* App'x at 59 ("[T]he Court should reject the Plea Agreement pursuant to F.R.Cr.P. 11(5)."). According to Jones, he had entered into the plea agreement only because he thought that the Probation Office would apply the career offender enhancement to calculate his Guidelines range, which did not end up being the case. Even though the Probation Office's presentence report still calculated Jones's sentencing range at 77-96 months' imprisonment -- well above the 55 months contemplated in the plea agreement -- Jones maintained that enforcing the plea agreement would be "fundamentally unfair." App'x at 59. He asked the district court to reject the plea agreement and instead impose a sentence of time served.

At a hearing held on July 14, 2017, the district court rejected the plea agreement, finding "too much dissension." App'x at 83. Jones was given the opportunity to withdraw his guilty plea, but he declined to do so. The district court warned Jones that the Superseding Indictment, which contained a 5-year mandatory minimum conspiracy charge, was still outstanding and instructed him to take time to consider his options. Three days later, Jones filed a motion for clarification, asking whether he could proceed to sentencing on his guilty plea to the Superseding Information. The district court replied that he could not, stating:

4

> Mr. Jones will not proceed to sentencing on his plea which is based on an information offered by the government as part of the rejected Fed. R. Crim. P 11(c)(1)(c) plea agreement. Had Mr. Jones pled 'straight up' to an indictment or information that was not part of a plea agreement, the option to proceed to sentencing would have been available.

App'x at 97.

By letter dated July 20, 2017, Jones requested "that his case be set for trial at the Court's earliest convenience." App'x at 98. In the following three months, the grand jury returned a Second and Third Superseding Indictment against Jones. On October 20, 2017, trial commenced on the charges contained in the Third Superseding Indictment -- (1) conspiring with others to distribute heroin and cocaine, (2) distributing heroin, and (3) knowingly possessing with intent to distribute 28 grams or more of a cocaine base on or about July 13, 2015. Jones was convicted on all three counts. On November 27, 2018, the district court sentenced Jones to 85 months' imprisonment, concurrent on all counts, to be followed by 4 years of supervised release.

**B.** *Analysis*

Jones first argues that the district court abused its discretion in rejecting his plea agreement because "too much dissension" was not a reasonable reason to reject it. This argument is waived because Jones specifically asked the district court to reject the plea agreement. *See United States v. Wellington*, 417 F.3d 284, 290 (2d Cir. 2005) (finding an argument waived because a "defendant cannot complain of an error that he himself invited").

5

Jones's second argument -- that the district court erred in refusing to immediately sentence him on the Superseding Information -- although not waived, lacks merit. Jones argues that it was reversible error for the district court to vacate his guilty plea because a plea agreement and a guilty plea are separate. *See, e.g., United States v. Lopez*, 385 F.3d 245, 251 (2d Cir. 2004); *see also In re Ellis*, 356 F.3d 1198, 1206 (9th Cir. 2004). But Jones's guilty plea to the Superseding Information was never vacated. The district court simply declined to proceed to sentencing on the Superseding Information while the outstanding charges remained pending. We see no abuse of discretion in that decision. *See United States v. Booth*, 996 F.2d 1395, 1397 (2d Cir. 1993) ("A sentencing court has broad discretion respecting the scheduling of sentencing proceedings.").

Finally, to the extent that Jones's argument can be construed as an objection to his continued prosecution on the ground of double jeopardy, we reject it as well. The Government does not dispute that the Superseding Information contained a lesser-included offense of the Third Superseding Indictment and that the double jeopardy clause barred the Government from seeking punishment on both convictions at sentencing. *See* Appellee's Br. at 29 ("When Jones was ultimately convicted of the counts contained within the Indictment, the double jeopardy clause barred him from being sentenced on the Information, which charged a lesser included offense of the Superseding Indictment's conspiracy charge."). But "it is permissible to prosecute a

6

defendant simultaneously on two or more counts charging offenses that are the same

for double jeopardy purposes," so long as the prosecutions do not result in "multiple

punishments for the same offense." *United States v. Irving*, 554 F.3d 64, 76 (2d Cir. 2009).

Here, Jones was only sentenced on his trial convictions stemming from the Third

Superseding Indictment and the count to which he pled guilty under the Superseding

Information, Count 1ss, was dismissed in the final judgment. As a result, there was no

double jeopardy violation.

## II.     *Insufficiency of the Evidence*

Jones also contends that the evidence at trial was insufficient to support

his conviction on count three because the drugs at issue were found abandoned on the

side of the road and no reasonable juror could have concluded they belonged to him.

We disagree.

### A.     *Applicable Law*

We review challenges to the sufficiency of the evidence *de novo*, "but must

uphold the conviction if '*any* rational trier of fact could have found the essential

elements of the crime beyond a reasonable doubt.'" *United States v. Vernace*, 811 F.3d

609, 615 (2d Cir. 2016) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). In

evaluating the trial record, we "view the evidence in the light most favorable to the

government, crediting every inference that could have been drawn in the government's

favor, and deferring to the jury's assessment of witness credibility and its assessment of the weight of the evidence." *United States v. Coplan*, 703 F.3d 46, 62 (2d Cir. 2012).

B.     Analysis

The evidence at trial established that on July 13, 2015, Jones was with his co-conspirator Childlove Gelin when a government informant made a controlled purchase of cocaine base from Gelin at an apartment in Brattleboro, Vermont. Following the drug sale, and while under law enforcement surveillance, Jones and Gelin left the apartment, entered a Chevy Malibu, and began driving southbound on Interstate 91. As the vehicle passed between Exits 26 and 27, a state trooper attempted to pull Jones and Gelin over, but they ignored the trooper and sped away at 130 miles per hour. A car chase ensued and law enforcement followed the Malibu for ten miles, at one point passing through the Deerfield Bridge Project construction zone, before losing sight of the vehicle north of Exit 25. Jones and Gelin then pulled off the highway, but they were apprehended on foot shortly thereafter and placed under arrest. Law enforcement conducted an inventory search of the Malibu, later recovered in a cornfield behind a barn near Exit 25, and found various drug paraphernalia, including a scale covered in cocaine residue.

On July 17, 2015, construction workers from the Deerfield Bridge Project found two large bags of cocaine base on the right-hand side of Interstate 91 southbound just north of Exit 25 -- the same path Jones and Gelin had traversed four days earlier.

8

The workers testified at trial that, as surveyors, they were the first members of the crew to reach this location. Drug testing revealed that the cocaine base found contained two cutting agents also present in the residue on the scale found in the Malibu.

On this record, a reasonable juror could have concluded beyond a reasonable doubt that Jones possessed the drugs found on the Interstate. The Government concedes that the evidence tying Jones to the cocaine base was circumstantial. But we have held that "the prosecution may prove its case entirely by circumstantial evidence so long as guilt is established beyond a reasonable doubt." *United States v. Glenn*, 312 F.3d 58, 64 (2d Cir. 2002). Here, the jurors heard evidence that after selling drugs to an informant, Jones and his co-conspirator drove by the location where the drugs were later found while engaged in a high-speed car chase with law enforcement. The jurors also heard evidence that various drug paraphernalia was later recovered from Jones and Gelin's abandoned vehicle, but notably no drugs. Hence, a reasonable juror could have concluded that Jones threw the drugs out of the vehicle during the car chase, and we affirm his count three conviction on that basis.

\* \* \*

We have considered Jones's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

9