UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.

WESLEY KENT DAVIS,
           *Defendant-Appellant.*

No. 02-4898

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Lacy H. Thornburg, District Judge.
(CR-01-222-T)

Submitted: July 24, 2003

Decided: August 13, 2003

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Norman Butler, Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Jennifer Marie Hoefling, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Wesley Kent Davis was convicted by a jury of one count of simple assault in violation of 18 U.S.C. § 111(a) (2000); two counts of unlawful possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) (2000); unlawful possession of ammunition in violation of 18 U.S.C. § 922(g)(1) (2000). He raises three claims in this appeal.

First, Davis argues the district court erred in refusing his motion to continue at the outset of trial. A district court's refusal to grant a continuance is reviewed for abuse of discretion. *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983); *United States v. Speed*, 53 F.3d 643, 644 (4th Cir. 1995). An abuse of discretion in this context is "'an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for a delay.'" *United States v. LaRouche*, 896 F.2d 815, 823 (4th Cir. 1990) (quoting *Morris*, 461 U.S. at 11-12). We find no abuse of discretion in the district court's denial of Davis's motion for a continuance.

Second, Davis contends that the district court erred in denying the motion to suppress his statements that he owned firearms found in his store when he was arrested there. Davis claims these statements were given without proper warning in accordance with *Miranda v. Arizona*, 384 U.S. 436 (1966). We review the district court's factual findings underlying its disposition of a motion to suppress for clear error, and the district court's legal determinations de novo. *Ornelas v. United States*, 517 U.S. 690, 699 (1996); *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, we review the evidence in the light most favorable to the government. *See United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998). We find that because Davis's questioning was justified by the public safety exception to *Miranda*, *see New York v. Quarles*, 467 U.S. 649, 659 n.8 (1984), the district court properly denied his motion to suppress.

Lastly, Davis claims the Government did not establish that the seized firearms and ammunition were in and affected interstate commerce beyond a reasonable doubt. The jury's verdict is reviewed to

determine whether there is substantial evidence, taken in the light most favorable to the Government, to support the conviction. *Glasser v. United States*, 315 U.S. 60, 80 (1942). A defendant challenging the sufficiency of the evidence to support a conviction "must overcome a heavy burden." *United States v. Hoyte*, 51 F.3d 1239, 1243 (4th Cir. 1995).

At trial, James Berger, a special agent with the Bureau of Alcohol, Tobacco and Firearms, testified that the shotguns were manufactured outside of North Carolina. The Government may establish the commerce nexus by showing the firearm was manufactured in another state. *United States v. Gallimore*, 247 F.3d 134, 138 (4th Cir. 2001); *United States v. Nathan*, 202 F.3d 230, 234 (4th Cir. 2000). Thus, the evidence presented at trial, when viewed in the light most favorable to the Government, was sufficient to establish that the firearm traveled in interstate commerce.

Accordingly, we affirm Davis's convictions. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*