UNITED STATES of America,
Plaintiff–Appellee,

v.

Joseph Ben SPEED, Jr., Defendant–
Appellant.

No. 94–5221.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 3, 1995.

Decided May 15, 1995.

**644**

ARGUED: Jack Benjamin Crawley, Jr., Raleigh, NC, for appellant. John Eric Evenson, II, Asst. U.S. Atty., Raleigh, NC, for appellee. **ON BRIEF:** Janice McKenzie Cole, U.S. Atty., Raleigh, NC, for appellee.

Before WILKINS and WILLIAMS, Circuit Judges, and ELLIS, United States District Judge for the Eastern District of Virginia, sitting by designation.

Affirmed in part and dismissed in part by published opinion. Judge WILLIAMS wrote the majority opinion, in which Judge WILKINS joined. Judge ELLIS wrote a separate opinion concurring in part and concurring in the result.

## OPINION

WILLIAMS, Circuit Judge:

Joseph Ben Speed, Jr., appeals the sentence imposed by the district court following his conviction for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C.A. § 846 (West Supp.1994). Specifically, Speed maintains that the district court committed reversible error in denying his motion to continue sentencing pending a determination by the Government whether, due to Speed's substantial assistance, it would move for a downward departure under the Sentencing Guidelines, pursuant to U.S.S.G.[1] § 5K1.1. Furthermore, in a related argument, Speed maintains that the district court sentenced him in violation of the law because it did not fully take into consideration Speed's assistance to the Government. For the reasons that follow, we affirm the district court's denial of Speed's motion for continuance of sentencing and dismiss the appeal to the extent that Speed argues the district court imposed his sentence in violation of the law.

### I.

On September 21, 1993, a grand jury in the Eastern District of North Carolina returned an indictment against Speed, Patrick Sidney, Larry Hobgood, and Colonel Hunt, charging the four with conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846. On November 22, 1993, Speed pled guilty to the conspiracy charge pursuant to a negotiated plea agreement.

On March 8, 1994, the district court held a sentencing hearing for Speed. At that hearing, the district court considered a motion from Speed to continue the sentencing until the Government determined whether it would file a motion for downward departure for substantial assistance, pursuant to U.S.S.G. § 5K1.1, based on information Speed provided to help the Government in other criminal investigations. After taking argument, the district court denied the motion for a continuance and sentenced Speed to 115 months imprisonment, the high end of the applicable Sentencing Guideline range. Speed appeals from the sentence he received pursuant to a provision in his plea agreement that provided a right of appeal if the sentence imposed was greater than 63 months.

### II.

#### A.

Speed's primary argument on appeal is that the district court committed reversible error in denying his motion for a continuance of the sentencing hearing. A district court's decision to grant or deny a motion for continuance is reviewed for an abuse of discretion. *United States v. Attar,* 38 F.3d 727, 735 (4th Cir.1994) (citing *Morris v. Slappy,* 461 U.S. 1, 11, 103 S.Ct. 1610, 1616, 75 L.Ed.2d 610 (1983)). Because a district court has broad discretion in scheduling the sentencing proceeding, "[a]bsent a showing both that the denial was arbitrary and that it substantially impaired the defendant's opportunity to secure a fair sentence, we will not vacate a sentence because a con-

---

1. United States Sentencing Commission, *Guide-* *lines Manual* (Nov.1993).

tinuance was denied." *United States v. Booth,* 996 F.2d 1395, 1397–98 (2d Cir.1993) (quoting *United States v. Prescott,* 920 F.2d 139, 146–47 (2d Cir.1990)). In reviewing the district court's denial of a motion for continuance in a criminal proceeding, we remain cognizant of possible Sixth Amendment implications concerning the ability of counsel for the defendant to provide effective assistance. *United States v. LaRouche,* 896 F.2d 815, 822–25 (4th Cir.) (Sixth Amendment analysis of denial of continuance requires looking at whether abuse of discretion took place and possible prejudice to defendant), *cert. denied,* 496 U.S. 927, 110 S.Ct. 2621, 110 L.Ed.2d 642 (1990).

 In support of his motion for a continuance, Speed argues that the district court should have ·delayed his sentencing because the Government interviewed him concerning his knowledge of other criminal matters and, at the time of sentencing, had not yet decided whether to call him as a witness in future criminal cases. According to Speed, the likelihood that the Government would file a motion for downward departure would increase dramatically if it decided to call him as a witness at other trials. By continuing the sentencing for an unspecified amount of time, the district court would provide the Government and Speed with the proper opportunity to gauge the level of Speed's assistance.

Although in some circumstances delaying a defendant's sentencing might be advantageous to all parties and would not unacceptably consume scarce judicial resources, we can find no indication in the record that this is one of those times. In his motion and at oral argument before the district court, Speed gave no estimate of the length of his requested continuance or when any possible trials at which he would testify for the Government would take place. In addition, we note that the plea agreement explicitly stated that the Government had no duty to file a motion for downward departure based upon Speed's substantial assistance, whether at sentencing or at any other point. Without more, Speed has failed to provide a basis upon which we can find an abuse of discretion on the part of the district court. *See Booth,* 996 F.2d at 1397.

 Speed also argues that the district court was incorrect in noting that ·a motion for reduction of sentence for substantial assistance, filed under Fed.R.Crim.P. 35(b),[2] subsequent to sentencing would· sufficiently protect his interest. Because a downward departure granted pursuant to Fed. R.Crim.P. 35(b) can only apply to substantial assistance that takes place *after* sentencing, Speed correctly maintains that his actions before sentencing could not be taken into account as substantial ·assistance. *United States v. Martin,* 25 F.3d ·211, 215–16 (4th Cir.1994) ("Fed.R.Crim.P. 35(b) grants the sentencing judge the authority to reduce a defendant's sentence *only* for substantial assistance rendered *subsequent* to sentencing") (emphases in original); *United States v. Francois,* 889 F.2d 1341, 1345 (4th Cir.1989), *cert. denied,* 494 U.S. 1085, 110 S.Ct. 1822, 108 L.Ed.2d 951 (1990).[3] Thus, Speed ar-

---

**2.** Rule 35(b) states, in relevant part:

> *(b) Reduction of Sentence for Changed Circumstances.* The court, on motion of the Government made within one year after the imposition of the sentence, may reduce a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense, in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code. The court may consider a government motion to reduce a sentence made one year or more after imposition of the sentence where the defendant's substantial assistance involves information or evidence not known by the defendant until one year or more after imposition of sentence. The court's au-

> thority to reduce a sentence under this subsection includes the authority to reduce such sentence to a level below that established by statute as a minimum sentence.

**3.** Judge Ellis raises some noteworthy concerns in his concurrence as to our holding that pre-sentencing assistance may not be taken into account in a Rule 35(b) motion. While we might find Judge Ellis's reasoning more persuasive if we were writing on a clean slate, we feel bound by our precedent as established in *Martin* and *Francois.* Unless or until that precedent is altered by *en banc* review or by revision of Rule 35(b), as Judge Ellis suggests at the end of his concurrence, we must follow that precedent.

Additionally, we note our disinclination to agree with Judge Ellis's reliance on *United States*

gues that he would be unacceptably prejudiced by the denial of the continuance because a Rule 35(b) motion could not adequately account for his pre-sentencing assistance in this case. We disagree. If the Government's decision to move for a downward departure would turn primarily on Speed's future testimony at other criminal proceedings, as are all the indications in the record, then the district court did not abuse its discretion in reasoning that a Rule 35(b) motion for downward departure would be an appropriate method by which to account for Speed's possible future assistance to the Government.

█ Speed also complains that the Rule 35(b) mechanism is unacceptably cumbersome because it forces defense attorneys, especially those appointed by the district court, to monitor continually the defendant's progress towards rendering substantial assistance. Aside from the fact that we are not in the position to change the meaning of clear procedural rules such as Rule 35(b) to correct their potentially cumbersome nature, Speed's argument has no merit in its application to this case. It is clear from the facts before us that the Government's decision to file a downward departure for substantial assistance would turn on Speed's possible future testimony. Therefore, it is not too onerous a task in a continuing attorney-client relationship for counsel occasionally to check whether the Government has called Speed as a witness. Furthermore, there is little question that Speed will have great incentive to keep his counsel apprised of his status.

Speed also argues that the denial of the motion for continuance was prejudicial because the Government had promised in the plea agreement that it would inform the district court of the extent to which Speed had assisted the Government up to the time of sentencing. The difficulty faced by Speed on this point, however, is that he has never maintained, either before the district court or on appeal, that the Government breached the plea agreement with him. *See, generally, United States v. Conner,* 930 F.2d 1073, 1076–77 (4th Cir.), *cert. denied,* 502 U.S. 958, 112 S.Ct. 420, 116 L.Ed.2d 440 (1991). We decline Speed's invitation to guess about the possible breach of a plea agreement when Speed is unwilling to argue that a breach has actually occurred. *See United States v. Robertson,* 40 F.3d 1046, 1048 (9th Cir.1994) ("A claim of breach of the plea agreement ... is the sort of claim which a defendant ordinarily will recognize immediately and should be required to raise when the alleged breach can still be repaired.").

Accordingly, without any compelling reason for delaying the proceedings, the district court did not abuse its discretion in denying the motion for a continuance.

### B.

█ Speed makes an additional argument that turns in large part upon the argument we have rejected concerning the motion for a continuance: that the district court sentenced him in violation of the law because, but for the district court's failure to grant the motion for continuance, it would not have exercised its discretion to sentence him at the high end of the Sentencing Guidelines based upon the offense committed and his criminal history.[4] Speed points out, once again, that in his plea agreement the Govern-

---

*v. Drown,* 942 F.2d 55 (1st Cir.1991), for the proposition that "the First Circuit has explicitly recognized that a court may consider the full extent of a defendant's assistance in ruling on a Rule 35(b) motion." A review of *Drown* reveals that the First Circuit was confronted with the same issue as this Court in *Martin:* whether the government may predicate its decision to defer a U.S.S.G. § 5K1.1 motion on the fact that it will make a Rule 35(b) motion after sentencing? Both courts answered this question in the negative. However, to the extent that the *Drown* court took the position in a footnote that a sentencing court could take pre-sentencing assistance into account on a Rule 35(b) motion, the holding is not a model of clarity. *Drown,* 942 F.2d at 59 n. 7 The footnote not only lacks any citation to cases or Rule 35(b) to support its position, but also appears to have been *dictum.* Accordingly, after considering the footnote in *Drown,* we remain constrained by our precedent.

4. The district court calculated a total offense level of 23 and a criminal history category of VI. Accordingly, the guideline range applicable to Speed at sentencing was 92 to 115 months. *See* United States Sentencing Commission, *Guidelines Manual,* Ch. 5 Pt. A (Nov.1993). The district court sentenced Speed to 115 months imprisonment.

ment promised to apprise the district court as to the full extent of Speed's cooperation at sentencing. According to Speed, the sentence imposed by the district court violated the law because the Government did not summarize the full extent of aid offered by Speed up until that point.

Speed's argument concerning the failure to grant the motion for a continuance fairs no better when repackaged as a violation of the law by the district court under 18 U.S.C. § 3742(a)(1). When an adjudged sentence falls within a properly calculated guideline range, appellate review is not permitted. *United States v. Porter,* 909 F.2d 789, 794 (4th Cir.1990). At sentencing, the district court reasoned that Speed's lengthy criminal record warranted a sentence at the high end of the applicable guidelines range. Absent evidence that the Government breached the plea agreement, this Court will not review a sentence imposed within the correct guideline range. We therefore affirm this portion of Speed's appeal. 18 U.S.C. § 3742(f)(3).

### III.

For the reasons stated, we affirm the opinion of the district court.

*AFFIRMED IN PART AND DISMISSED IN PART.*

ELLIS, District Judge, concurring in part and concurring in the result:

While I concur completely with the result reached and the essential reasoning of Judge Williams' thorough and insightful opinion, I write separately only to note one small portion of the opinion with which I disagree. Specifically, I do not agree with that portion of the majority opinion stating that Speed's "actions before sentencing could not be taken into account as substantial assistance" in ruling on a motion pursuant to Rule 35(b), Fed.R.Crim.P. Although Fourth Circuit precedent can be read to support, if not mandate, this view, *see United States v. Martin,* 25 F.3d 211, 215–16 (4th Cir.1994), *and Unit-* ed States v. Francois, 889 F.2d 1341, 1345 (4th Cir.1989), I believe this is not a practical, fair, or compelled interpretation of the Rule.

As a practical matter, a defendant's cooperation often does not easily separate out into distinct and independent acts of assistance. Typically, cooperation is best viewed not as isolated instances of conduct divided along a time line, but rather as an overall, continuous course of conduct in which each instance builds upon the previous instances of cooperation. Accurate assessment of a defendant's cooperation requires examining the complete course of conduct. Given this, it generally makes no sense, for example, to consider a defendant's post-sentencing testimony against a co-conspirator in a vacuum, ignoring the nature and extent of information provided earlier that led to the co-conspirator's arrest.

A rigid line of demarcation between presentencing and post-sentencing conduct also raises problems of fairness to a cooperating defendant. Because courts must consider the "significance and usefulness" [1] of a defendant's assistance in determining the appropriate sentence reduction, excluding pre-sentence cooperation from a court's consideration under Rule 35(b) is unjust and places unwarranted significance on the arbitrary date of sentencing. It also may create inappropriate incentives. For example, a defendant eager for a sentence reduction may well withhold all of his information until after sentencing in order to ensure that he enjoys the full benefit of his cooperation. Alternatively, sentencing judges may be encouraged to grant lengthy continuance motions in order not to prejudice a defendant whose assistance prior to sentencing has not yet risen to the "substantial" level.[2] Lengthy delays in sentencing may lead to a regrettable and unwelcome appearance of judicial participation in coercing additional information

---

1. *See* U.S.S.G. § 5K1.1(a)(1); *see also* Fed. R.Crim.P. 35(b) (directing courts to reduce a sentence "in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to [28 U.S.C. § 994]").

2. I am personally aware of several such instances, including one in which the sentencing date has been postponed for almost three years.

from a defendant.[3] Yet, without such continuances, a defendant could find himself in the hapless position of having provided less than substantial assistance both before and after sentencing, despite an overall record of cooperation that crosses the "substantial assistance" threshold.

Nor is the rigid temporal division of cooperation in the majority opinion compelled by the Rule's language. Although Rule 35(b), Fed.R.Crim.P., states that the court "may reduce a sentence to reflect a defendant's *subsequent*, substantial assistance," (emphasis added), nothing in the Rule precludes courts from also taking into account prior assistance that, when added to subsequent assistance, amounts to "substantial assistance". In short, while some amount of post-sentencing assistance is required to trigger the possibility of a Rule 35(b) reduction, once triggered, the sentencing judge should be free to consider the full range and extent of a defendant's cooperation, including the cooperation rendered prior to sentencing.

Similarly, I am not convinced that the Fourth Circuit precedent cited in the majority opinion controls this narrow issue. *Francois* is certainly not controlling, for that case involved a defendant's challenge to the constitutionality of Rule 35(b) on the ground that the government maintained too much discretion over whether to bring the motion. 889 F.2d at 1345. In rejecting this claim, the Fourth Circuit panel simply noted in *dicta* that "Rule 35(b) provides for '*subsequent*, substantial assistance,' which is assistance that has occurred within one year after the

imposition of sentence." *Id.* (emphasis in original). This broad observation, without more, does not compel the view expressed in the majority opinion to the effect that district courts, in ruling on Rule 35(b) motions, may not consider assistance rendered prior to sentencing.

Although *Martin* is more troublesome, it too is distinguishable. In *Martin*, the government brought a motion under Rule 35(b) in an attempt to reward a defendant whose assistance before sentencing had been substantial, but who was unable to provide *any* additional assistance after sentencing. 25 F.3d at 215. On these facts, the panel concluded that Rule 35(b) "grants the sentencing judge the authority to reduce a defendant's sentence *only* for substantial assistance rendered *subsequent* to sentencing." *Id.* (emphasis in original). This conclusion is understandable in light of the factual issue presented there. As noted, I agree that a threshold requirement of Rule 35(b) is that there be at least *some* post-sentencing assistance, a condition absent in *Martin*.[4] But neither *Martin* nor *Francois* is controlling on the precise issue here, namely, whether a district court confronted with a Rule 35(b) motion that is supported by some post-sentencing assistance is precluded from also considering in its ruling cooperation that occurred prior to sentencing.

It is also worth noting in this regard that the First Circuit has explicitly recognized that a court may consider the full extent of a defendant's assistance in ruling on a Rule

---

**3.** For instance, juries may understandably view with skepticism testimony from a cooperating defendant in a co-defendant's trial when they learn that the testifying defendant's sentencing awaits the completion of his testimony.

**4.** Furthermore, I agree with the conclusion in *Martin* that the government may not defer its decision whether to bring a § 5K1.1 motion on behalf of a defendant whose assistance as of sentencing has been substantial. 25 F.3d at 216. In that event, it is plainly a violation of due process to delay a decision on a substantial decision motion until after sentencing. *Id.* (Although the *Martin* panel went on to find that the government had modified the plea agreement to *require* it to bring a substantial assistance motion, *id.* at 217, that finding was not a prerequisite to the court's conclusion that a due process violation

had occurred. *Id.* at 216). Provisions in plea agreements that require a defendant's assistance to be both substantial *and complete* before the government will bring such a motion therefore may run afoul of *Martin* in those instances where a defendant's cooperation, though not yet complete, has already crossed the Rule's "substantial" threshold. Of course, some unfairness may result even there in that the extent of the court's departure at the § 5K1.1 stage would not reflect the defendant's future cooperation.

Here, however, I speak only of those instances where a defendant's pre-sentencing assistance, though significant, is not yet "substantial." In those circumstances, it seems altogether unjust and somewhat arbitrary to omit the pre-sentencing assistance from a court's consideration during subsequent Rule 35(b) proceedings.

35(b) motion. *United States v. Drown*, 942 F.2d 55 (1st Cir.1991). Confronted with the question whether, at sentencing, the government may postpone its decision to bring a substantial assistance motion until the defendant's cooperation is complete, the court in *Drown* acknowledged that U.S.S.G. § 5K1.1 and Rule 35(b) contain distinct "temporal boundaries." *Id.* at 59 (stating that § 5K1.1 "was designed to recognize, and in an appropriate case to reward, assistance rendered *prior* to sentencing," while Rule 35(b) "was designed to recognize and reward *subsequent* cooperation") (emphasis in original). Therefore, the First Circuit in *Drown* concluded, as did this circuit in *Martin*, that the government may not make "a unilateral decision ... to reserve judgment on a defendant's presentence assistance in order to secure his postsentence assistance." *Id.* Having reached this conclusion, however, the court in *Drown* nevertheless was careful to add in a footnote, "[t]his is not to say that, on a Rule 35(b) motion for sentence reduction, the court may not assay the totality of a defendant's cooperation." *Id.* at 59 n. 7. Thus, while cognizant and respectful of the distinct functions and timing of the two substantial assistance provisions, the First Circuit panel made clear its view, albeit in *dicta*, that the temporal division is not so rigid as to preclude a district court from considering the entire record of a defendant's assistance on a Rule 35(b) motion. This sound conclusion, as noted earlier, is wholly consistent with the Rule's purpose and not in conflict with its language.

In the event that the Fourth Circuit squarely addresses this issue in the future and holds that the Rule's language precludes district courts from considering pre-sentencing assistance in ruling on Rule 35(b) motions, then the Rule's language should be changed to alter this result.