UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4369

CHARLES E. MULKEY,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-97-278)

Submitted: October 27, 1998

Decided: November 23, 1998

Before ERVIN and WILKINS, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert H. Deaderick, Jr., Fredericksburg, Virginia, for Appellant.
Helen F. Fahey, United States Attorney, N. George Metcalf, Assistant
United States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Charles E. Mulkey appeals his sentence imposed after a plea of guilty to conspiracy to conduct financial transactions with proceeds of a specified unlawful activity, in violation of 18 U.S.C. § 371 (1994). We affirm.

Mulkey's sentencing was originally set for March 16, 1998, but was rescheduled for April 29, 1998, on account of Mulkey's medical problems. Mulkey's attorney moved for a continuance of the April 29 sentencing hearing based on an assertion that Mulkey had scheduled bypass heart surgery. The court rejected this motion at the sentencing hearing, and also overruled Mulkey's objections to the presentence investigation report (PSR). The court, based on the PSR, set Mulkey's offense level at twenty-three and his criminal history category at two, leading to a sentencing range of fifty-one to sixty months under the U.S. Sentencing Guidelines Manual ch. 5, pt. A (1997).

At the sentencing hearing, the district court allowed Mulkey to speak on his own behalf. Mulkey requested that he be able to undergo "double bypass" surgery prior to surrendering to custody. The court requested documentation that such surgery was scheduled, which Mulkey's attorney was unable to provide the court. The court recessed in order to itself telephone Mulkey's physicians about the operation. Mulkey's physicians told the court that Mulkey was scheduled for a bypass operation on his legs and that he should be fully recovered in about two weeks, but that "Mulkey will tell you different." The court then resumed the sentencing hearing, and stated that Mulkey's earlier motion for a continuance based on counsel's assertion that Mulkey had scheduled heart bypass surgery was "a lie, just a flat-out lie." The court sentenced Mulkey to sixty months' imprisonment, but allowed him approximately four weeks to self-report to custody in order to allow time for Mulkey's surgery and recovery.

On appeal, Mulkey contends that he was unduly prejudiced at his sentencing because the district court considered misinformation and vindictive information regarding Mulkey's need for surgery in deciding to impose sentence at the top end of the guidelines range. Specifi-

2

cally, Mulkey contends that the district court allowed counsel's misrepresentation about Mulkey's surgery, and Mulkey's physician's statement, to influence its sentencing determination. Because Mulkey did not object to the sentence in the district court, our review is limited to plain error. See United States v. Olano , 507 U.S. 725, 731-32 (1993).

Mulkey's sentence was within both the statutory and the guideline range. See 18 U.S.C. §§ 371, 1956(a)(3)(B) (1994); USSG ch. 5, pt. A. Mulkey does not claim nor does our review of the record indicate that the sentencing range was incorrectly computed. See USSG §§ 2S1.1(a)(2), (b)(1), 2X1.1(a), 4A1.1, 4A1.2. The review of sentences is limited to those "imposed in violation of law" or those "imposed as a result of an incorrect application of the sentencing guidelines." See 18 U.S.C. § 3742(a)(1)-(2) (1994); United States v. Speed, 53 F.3d 643, 647 (4th Cir. 1995); United States v. Porter, 909 F.2d 789, 794-95 (4th Cir. 1990). Because Mulkey's sentence was within a correctly calculated guidelines range, his sentence is not appealable. See Porter, 909 F.2d at 794-95. We note further that there is no indication from the record that the district court considered Mulkey's counsel's alleged misrepresentations or any"vindictive" information in determining Mulkey's sentence.

We affirm Mulkey's sentence. We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3