**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                    No. 02-4484

WILLIAM STEWART MONROE,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-01-435)

Submitted: April 24, 2003

Decided: May 2, 2003

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Harry L. Hobgood, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

William Stewart Monroe pled guilty to distributing 13.1 grams of crack in violation of 21 U.S.C. § 841(a), (b)(1)(B) (2000), and was sentenced to a term of sixty months imprisonment. Monroe's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising one issue, but asserting that, in his view, there are no meritious issues for appeal. Monroe has been informed of his right to file a pro se supplemental brief, but has not filed a brief. We affirm the conviction and sentence.

Although Monroe made no objection to the calculation of his guideline range in the district court, on appeal Monroe's counsel questions whether the district court erred in imposing a sentence of sixty months imprisonment. The district court's decision to impose a particular sentence within a correctly calculated guideline range is not reviewable on appeal. *United States v. Speed*, 53 F.3d 643, 647 (4th Cir. 1995). Moreover, in this case, the court imposed the mandatory minimum sentence, which was the low point of the guideline range.

Pursuant to *Anders*, this court has reviewed the record for reversible error and found none. We therefore affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*