**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 03-4885**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALAN L. MORGAN,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.   James A. Beaty, Jr., District Judge. (CR-02-254)

───────────────

Submitted:  March 29, 2004          Decided:  April 16, 2004

───────────────

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Louis C. Allen, III, Federal Public Defender, William C. Ingram, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Robert M. Hamilton, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Alan L. Morgan pled guilty to four counts of mail fraud and one count of use of a false social security number. He was sentenced to sixteen months' imprisonment. On appeal, he maintains that the district court abused its discretion in denying his request for a third continuance of his sentencing hearing.

A district court's refusal to grant a continuance in a sentencing hearing is reviewed for abuse of discretion. Morris v. Slappy, 461 U.S. 1, 11-12 (1983); United States v. Speed, 53 F.3d 643, 644 (4th Cir. 1995). An abuse of discretion in this context is "an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay.'" United States v. LaRouche, 896 F.2d 815, 823 (4th Cir. 1990) (quoting Morris, 461 U.S. at 11-12). Whether the district court abused its discretion "in denying a continuance is not mechanical; it depends mainly on the reasons presented to the district court at the time the request was denied." Id. To prevail on such a charge, the defendant must show that the denial was arbitrary and that it substantially impaired the defendant's opportunity to secure a fair sentence. Speed, 53 F.3d at 644. In other words, a defendant "must demonstrate substantial impairment of his opportunity to secure a fair trial." United States v. Hampton, No. 97-4525, 155 F.3d 562, 1998 WL 453848, at *2 (4th Cir. July 24, 1998)(L) (unpublished).

- 2 -

We find no abuse of discretion in the court's decision to deny Morgan's motion. Accordingly, we affirm Morgan's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>