**WESTFED HOLDINGS, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 92–820C.**

United States Court of Federal Claims.

Nov. 1, 2005.

---

Thomas A. Rafferty, New York City, for plaintiff.

Edward P. Sullivan, Trial Attorney, with whom were Stuart E. Schiffer, Deputy Assistant Attorney General, David M. Cohen, Director, and Jeanne E. Davidson, Deputy Director, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC for defendant.

## ORDER

HEWITT, Judge.

This court entered judgment for plaintiff for $305,382,000 in this case on March 20, 2003. In its decision of May 12, 2005, the United States Court of Appeals for the Federal Circuit affirmed in part and reversed in part this judgment and reduced the judgment for plaintiff by the amount of $94,386,000. On August 18, 2005, the Court of Appeals denied defendant's petition for rehearing and on August 25, 2005 the mandate was issued. The court VACATES its judgment of March 20, 2003 and addresses the following motions before it.

Before the court is Plaintiff's Motion for Entry of Revised Judgment (Pl.'s Mot.) and Defendant's Motion for Leave to File a Surreply to Plaintiff's Motion for Entry of Revised Judgment. Defendant's Motion for Leave to File is GRANTED. For the following reasons, the court GRANTS plaintiff's motion for the entry of a revised judgment in the amount of $210,996,000 in accordance with the May 12, 2005 holding of the United States Court of Appeals for the Federal Circuit. See Westfed Holdings, Inc. v. United States, 407 F.3d 1352 (2005).

Defendant argues that plaintiff's motion for entry of judgment is "premature" because the government has not yet determined whether or not it will seek further appellate review. Defendant's Response to Plaintiff's Motion for Entry of Revised Judgment (Def.'s Resp.) at 1. Plaintiff counters that, under Rule 41(c) of the Federal Rules of Appellate Procedure, the mandate of the Court of Appeals is effective when issued. Plaintiff's Reply Memorandum in Support of its Motion for Entry of Revised Judgment (Pl.'s Reply) at 1. Plaintiff also argues that, under Fed. R.App. Pro. 41(d)(2), defendant has the option of moving to stay the mandate pending filing of a petition for writ of certiorari to the Supreme Court. Pl.'s Reply at 1. Plaintiff concludes that, under the federal appellate rules, the mandate was effective when issued and "Westfed is entitled to an immediate entry of the judgment" because "[t]he United States did not seek to stay the mandate, and has made none of the showings required to obtain a stay." Id. at 2.

Defendant cites Morris v. Slappy, 461 U.S. 1, 11, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983) and United States v. Speed, 53 F.3d 643, 644 (4th Cir.1995) as support for its request to defer action on plaintiff's motion because of this court's "broad discretion as to when and how to continue proceedings." Defendant's Motion to File a Surreply to Plaintiff's Motion for Entry of Revised Judgment (Def.'s Surreply) at 1. Neither case speaks directly to the circumstances of this case: Morris involves the Sixth Amendment right to counsel of a criminal defendant while Speed concerns the lack of entitlement by a criminal defendant to a sentencing continuance pending determination by the government whether it would call defendant as a witness in future criminal cases. While Morris does acknowledge the trial court's "broad discre-

tion ... on matters of continuances," *Morris*, 461 U.S. at 11, 103 S.Ct. 1610, the Supreme Court affirmed the lower court's decision to deny defendant's motion for a continuance that the trial court found to be without adequate justification, *id.* at 12, 103 S.Ct. 1610 ("In the face of the unequivocal and uncontradicted statement by a responsible officer of the court that he was fully prepared and 'ready' for trial, it was far from an abuse of discretion to deny a continuance."). The court's analysis and holding in *Speed* appear to counter rather than to support defendant's argument that this court should defer action on plaintiff's motion while defendant deliberates on whether or not it will appeal further the judgment of the Court of Appeals. *See Speed*, 53 F.3d at 645–46 ("[W]ithout any compelling reason for delaying the proceedings, the district court did not abuse its discretion in denying the motion for a continuance.").

In *Morris* and *Speed*, the respective defendants had properly moved for a continuance in their proceedings. In both cases the motion was denied for want of adequate justification presented by the movant and in both cases the lower court's denial of the motion was affirmed. Here, defendant asks the court to defer action on a motion properly brought by plaintiff without defendant having itself moved for stay under Fed. R.App. Pro. 41(d)(2). Rule 41(d)(2)(A) expressly contemplates the circumstance that a party might move to stay the mandate:

> (A) A party may move to stay the mandate pending the filing of a petition for a writ of certiorari in the Supreme Court. The motion must be served on all parties and must show that the certiorari petition would present a substantial question and that there is good cause for a stay.

Fed. R.App. Pro. 41(d)(2). Defendant has not indicated that it has requested a stay of the mandate. Defendant has had the opportunity, at least since August 18, 2005 when its motion for rehearing was denied, to decide whether it wishes to seek further review. It could have filed a motion to stay the mandate while it completed its contemplation of options and prepared to file a petition for a writ of certiorari in the Supreme Court.

In neither of its briefs has defendant advanced even the suggestion of a possible basis for an appeal or the slightest likelihood that it will seek further appellate review.

The court agrees with plaintiff that the mandate of the Court of Appeals was effective when issued and that there is no just reason for further delay in carrying out the mandate. For the foregoing reasons, the Clerk of the Court shall enter judgment for plaintiff in the amount of $210,996,000.

IT IS SO ORDERED.