**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4606**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MADISON DUANE MCRAE,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:04-cr-00223-2)

———————

Submitted: January 22, 2007          Decided: May 30, 2007

———————

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Ann T. Shafer, Atlanta, Georgia, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Madison Duane McRae was convicted by jury of conspiracy to possess with intent to distribute cocaine and ecstasy, in violation of 21 U.S.C. § 846 (2000), possession with intent to distribute cocaine and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1)(2000), conspiracy to import cocaine and ecstasy into the United States, in violation of 21 U.S.C. § 963 (2000), and unlawful importation of cocaine into the customs territory of the United States and aiding and abetting, in violation of 21 U.S.C. § 952(a)(2000). The court sentenced McRae to 210 months of imprisonment. McRae appealed and asserts that: (1) the district court abused its discretion in denying his motion for continuance made a week before trial; (2) the court incorrectly determined that five kilograms of cocaine were reasonably foreseeable to McRae's involvement in the conspiracy; and (3) the court abused its discretion by admitting character evidence in contravention of Fed. R. Evid. 404(b).

First, McRae argues that the district court abused its discretion when it denied his motion for a continuance, filed one week before trial was scheduled, because a proposed defense witness who had not been subpoenaed was medically unavailable to appear at trial. We review the district court's refusal to grant a continuance for abuse of discretion. Morris v. Slappy, 461 U.S. 1, 11-12 (1983); United States v. Speed, 53 F.3d 643, 644 (4th Cir.

- 2 -

1995).  An abuse of discretion in this context is "'an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay.'"  United States v. LaRouche, 896 F.2d 815, 823 (4th Cir. 1990) (quoting Morris, 461 U.S. at 11-12).  We conclude the district court did not abuse its discretion in denying McRae's motion for continuance.  McRae did not provide the court with an adequate proffer regarding the testimony to be elicited from the witness, and from the limited information provided, the court properly discerned that cross-examination of other witnesses would sufficiently serve impeachment purposes.

McRae next contends that the district court erred when it found he was accountable for more than five kilograms of cocaine, when his co-conspirator was held responsible for less.  When reviewing the district court's application of the sentencing guidelines, this court reviews findings of fact for clear error.  United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).  From the evidence presented at trial, it was reasonable for the district court to find that McRae was responsible for more than five kilograms of cocaine during his involvement in the conspiracy.  The court also concluded the sentence was reasonable and necessary to accomplish the objectives of § 3553(a) and regardless of the factual finding relating to drug quantity, the court would have imposed the same 210-month sentence.

Finally, McRae contends that the district court abused its discretion in admitting character evidence in violation of Fed. R. Evid. 404(b). McRae argues that testimony about his past marijuana sales should have been stricken as evidence of bad acts that were not relevant or admissible. We review a district court's determination of the admissibility of evidence under Fed. R. Evid. 404(b) for abuse of discretion, see United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997), and will not reverse such a decision unless it is arbitrary or irrational. See United States v. White, 405 F.3d 208, 212-13 (4th Cir. 2005). Such evidentiary rulings are also subject to review for harmless error under Fed. R. Evid. 52, and will be found harmless if we can conclude "without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." United States v. Heater, 63 F.3d 311, 325 (4th Cir. 1995).

Evidence of other crimes is not admissible to prove bad character or criminal propensity. Fed. R. Evid. 404(b). Such evidence is admissible, however, to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id.; see Queen, 132 F.3d at 994. Rule 404(b) is inclusive, allowing evidence of other crimes or acts except that which tends to prove only criminal disposition. Queen, 132 F.3d at 994-95. Evidence of prior acts is admissible under Rules 404(b) and 403 if the evidence is: (1) relevant to an issue

- 4 -

other than the general character of the defendant, (2) necessary, and (3) reliable, and if the probative value of the evidence is not substantially outweighed by its prejudicial effect.  <u>Id.</u> at 997.

We find no abuse of discretion as the testimony demonstrated both McRae's state of mind and the absence of mistake pertaining to the drug conspiracy.  Additionally, under Fed. R. Evid. 52(a), even if the district court erred, admission of the testimony was harmless as there was overwhelming evidence of McRae's guilt presented at trial.

Accordingly, we affirm McRae's conviction and sentence. We grant McRae's motion to file a pro se brief but nevertheless find that the claims he raises are meritless.  We deny counsel's motion to withdraw.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>