**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4915**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

MANDINGO L. HAYWOOD,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.   Henry E. Hudson, District
Judge.  (3:07-cr-00124-HEH)

Submitted: April 22, 2008          Decided:  May 6, 2008

Before TRAXLER, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charles D. Lewis, HICKS TYMAS, LLC, Richmond, Virginia, for
Appellant. Angela Mastandrea-Miller, Assistant United States
Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mandingo L. Haywood pleaded guilty to possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841 (a)(1) (2000). Prior to sentencing, Haywood filed a motion to continue the sentencing hearing, scheduled for August 27, 2007, to a date after November 1, 2007, to enable him to take advantage of the Sentencing Commission's proposed amendments to the crack cocaine Sentencing Guidelines.[*] The district court denied the motion, concluding "there is ample latitude within the present Guidelines range to factor the proposed Guidelines reduction into the sentencing process." The court imposed a sentence of 137 months, the high end of the advisory Guidelines range, noting Haywood's numerous prior convictions, apparent disrespect for the law, and the need to protect the community. Haywood timely appealed.

Haywood's counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967). Counsel states that there are no meritorious grounds for appeal, but questions whether the district court erred in denying Haywood's motion for a continuance of the sentencing hearing. Haywood was advised of the

[*]In May 2007, the Sentencing Commission submitted to Congress amendments to the Guidelines that, absent congressional action, would become effective on November 1, 2007. The amendments adjust downward the base offense level assigned to each threshold quantity of crack cocaine. See U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1 (2007) (Amendment 706); USSG § 1B1.10(c) (Mar. 3, 2008).

right to file a pro se brief, but has not done so. We affirm Haywood's conviction and sentence.

Although counsel did not raise any argument with respect to the plea colloquy, we find that there were several omissions during Haywood's plea hearing. Specifically, the district court did not advise Haywood about the penalties for perjury if he testified falsely under oath, as required by Fed. R. Crim. P. 11(b)(1)(A), his right to plead not guilty, as required by Rule (b)(1)(B), his right to counsel at trial and every stage of the proceedings, as required by Rule 11(b)(1)(D), or his right to compel the attendance of witnesses, as required by Rule 11(b)(1)(E). However, we find that the omissions did not affect Haywood's substantial rights and therefore did not amount to plain error. United States v. Olano, 507 U.S. 725, 731-32 (1993) (stating plain error standard).

We review Haywood's challenge to the district court's refusal to grant a continuance for abuse of discretion. Morris v. Slappy, 461 U.S. 1, 11-12 (1983); United States v. Speed, 53 F.3d 643, 644 (4th Cir. 1995). To prevail on such a claim, the defendant must show that the denial "was arbitrary and that it substantially impaired the defendant's opportunity to secure a fair sentence .... " Speed, 53 F.3d at 644.

The proposed amendments were not in effect at the time of Haywood's motion. Moreover, because the crack cocaine amendments

are retroactive, see USSG § 1B1.10(c) (Mar. 3, 2008), Haywood may file a motion in the district court to modify his sentence in consideration of the amendments pursuant to 18 U.S.C. § 3582(c)(2) (2000). See United States v. Brewer, __ F.3d __, __, 2008, WL 733395, at *5 (4th Cir. Mar. 20, 2008). We conclude the district court's ruling was, therefore, not arbitrary or unreasonable, nor did it impair Haywood's ability to secure a fair sentence. We accordingly conclude the district court did not abuse its discretion by denying Haywood's motion to continue the sentencing hearing.

In accordance with Anders, we have thoroughly reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Haywood's conviction and sentence. This court requires that counsel inform Haywood, in writing, of the right to petition the Supreme Court of the United States for further review. If Haywood requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Haywood.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 4 -