**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4983**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

OBED ISSAC CHIRINOS, a/k/a Billy,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, Chief District Judge. (5:10-cr-00298-D-2)

Submitted: August 22, 2012       Decided: October 4, 2012

Before AGEE and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Samuel A. Forehand, LAW OFFICE OF SAMUEL A. FOREHAND, PA, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Joshua L. Rogers, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This criminal appeal stems from the armed robbery of a convenience store in Newton Grove, North Carolina, by Obed Chirinos (Defendant) and three coconspirators.[1] Defendant appeals the district court's sentence of 264 months' imprisonment imposed after he pled guilty to one count of conspiracy to interfere with commerce by robbery (Count 1), in violation of 18 U.S.C. § 1951; one count of aiding and abetting the interference with commerce by robbery (Count 2), in violation of 18 U.S.C. §§ 2, 1951; and one count of aiding and abetting the using and carrying of a firearm during and in relation to a crime of violence (Count 3), in violation of 18 U.S.C. §§ 2, 924(c). Defendant challenges his sentence on numerous grounds. Finding no merit to such challenges, we affirm.

I

A

On or about November 30, 2009, at the direction of Defendant and Carlos Diaz (Diaz), Elvin Murillo (Murillo) drove Defendant, Diaz, and a sixteen year-old juvenile identified in

_____

[1] The three coconspirators are not parties in the present appeal.

the record as FV to a convenience store named Warren's Grocery and Gas in Newton Grove, North Carolina. Murillo remained in the vehicle. Defendant, who was armed with a .45 caliber pistol, entered the store first. Diaz, who was armed with a sawed-off shotgun, and FV, who was unarmed, followed.

Upon entering the store, Defendant and Diaz brandished their firearms and yelled, "'Give me your money.'" (J.A. 346). When the owners of the store, who were behind the counter, told the three coconspirators that the money had already been taken to the bank, Defendant pointed his firearm at them. In response, one of the two owners began throwing various items at the coconspirators from behind the counter, including a box containing a .22 caliber pistol. The pistol fell out of the box when it hit the floor. FV picked up the pistol. One of the owners then activated the store's alarm, at which time the coconspirators fled to the getaway car with FV taking the .22 caliber pistol.

B

Defendant pled guilty to Counts 1, 2, and 3 on March 21, 2011.[2] On the same day, the district court set Defendant's

---

[2] Approximately five months earlier, Murillo pled "guilty to Conspiracy to Interfere With Commerce by Robbery and Using and Carrying Firearms During and in Relation to a Crime of Violence (Continued)

sentencing hearing for July 5, 2011. On April 26, 2011, Defendant received the first draft of his presentence investigation report prepared by the probation officer assigned to his case. On that same day, Defendant was notified that he had to communicate any objections thereto by May 11, 2011. On May 11, 2011, Defendant moved to extend the deadline to communicate his objections. The next day, the district court granted Defendant's motion and extended the deadline until June 1, 2011.

On June 1, 2011, Defendant communicated his objections, and, on June 21, 2011, the final version of the presentence report (the PSR) was filed. Six days later, on June 27, 2011, Defendant moved to continue his sentencing hearing for at least sixty days, asserting his need for additional time to apply for writs of habeas corpus ad testificandum, to subpoena witnesses, and to avail himself of Spanish-to-English translation services with respect to certain documents he desired to offer in support of his PSR objections. The district

---

and Aiding and Abetting." (J.A. 346) (Defendant's presentence report). Approximately one and one-half months after Defendant entered his guilty plea in this case, Diaz pled guilty to one count of aiding and abetting the using and carrying of a firearm during and in relation to a crime of violence. FV was not indicted.

4

court granted this motion the next day, continuing Defendant's sentencing hearing until September 6, 2011.

Defendant waited a month after the time the district court granted Defendant his requested continuance to file applications for writs of habeas corpus ad testificandum with respect to Diaz and Murillo, who were both in federal custody. The district court issued the requested writs on August 30, 2011. The next day, Defendant moved to continue his sentencing hearing for a second time. This time, Defendant sought to continue his sentencing hearing from September 6, 2011 "to a session of court that convenes at least 21 days later in order to provide the United States Marshals Service sufficient time to execute the writs of habeas corpus ad testificandum" the district court issued with respect to Diaz and Murillo. (J.A. 87). According to Defendant's written motion, he sought to have Diaz and Murillo "testify at his sentencing hearing as fact witnesses whose testimonies relate to [his] factual objections to the [PSR]." (J.A. 86).

At the beginning of Defendant's sentencing hearing on September 6, 2011, the district court heard oral argument from both sides regarding Defendant's pending motion to continue the hearing for an additional twenty-one days. Notably, Diaz and FV were available to testify at the September 6 hearing. This left Defendant with the argument that the district court should

5

further continue his sentencing hearing so that he could have the opportunity to call Murillo to the stand. Specifically, Defendant told the district court that he had the right to cross examine Murillo about Murillo's statements regarding Defendant's role in the offense upon which the PSR relies in recommending that Defendant receive a 2 level enhancement in his total offense level under § 3B1.1(c) of the United States Sentencing Guidelines, United States Sentencing Commission, <u>Guidelines Manual</u> (USSG), for his leadership role in the robbery.

After hearing from the government, the district court denied the motion. The district court had already noted that under Fourth Circuit precedent, the Confrontation Clause does not apply at sentencing, and therefore, Defendant did not have a right to cross examine Murillo about statements he made regarding Defendant's role in the offense. <u>See</u> <u>United States v. Powell</u>, 650 F.3d 388, 393 (4th Cir.) (Confrontation Clause does not apply at sentencing), <u>cert. denied</u>, 132 S. Ct. 350 (2011). Moreover, the district court reasoned:

> Mr. Diaz is here prepared to testify, the minor is here prepared to testify. The defense counsel has the statements, and I'll let him introduce them, of Murillo and others. . . .
>
> And I do think that there comes a time when a case needs to move forward. And I do think that there is certainly ample evidence that the defense can present in connection with these issues that are raised as objections and likewise for the Government and the

6

> Court will carefully listen to and consider all of
> these during the course of the sentencing here.

(J.A. 103-04).

Diaz, FV, and Defendant each testified during the sentencing hearing. Thereafter, the district court heard oral argument on both sides. With respect to Count 1 and Count 2, the district court calculated Defendant's total offense level under the Sentencing Guidelines at 27 and his criminal history category at I, resulting in an advisory guideline range of 70 to 87 months' imprisonment. Of relevance to the present appeal, in arriving at the total offense level of 27, the district court increased Defendant's base level of 20: (1) by 1 level, under USSG § 2B1.1(b)(6), based upon its finding that a firearm was taken during and from the scene of the robbery; (2) by 2 levels, under USSG § 3B1.1(c), based upon its finding that Defendant was an organizer of and leader in the robbery; and (3) by 2 levels, under USSG § 3C1.1, for obstruction of justice based upon its findings that: (a) Defendant threatened to kill FV if he cooperated with authorities; (b) Defendant threatened to have fellow prison inmates physically harm Diaz if he cooperated with authorities, including testifying at Defendant's sentencing hearing; and (c) Defendant perjured himself while testifying on his own behalf during the sentencing hearing. Moreover, the district court refused to reduce Defendant's offense level by 3

levels, under USSG § 3E1.1, for acceptance of responsibility as recommended in the PSR. The district court also noted that the § 924(c) offense, Count 3, carried a ten year minimum term of imprisonment to run consecutive to any other term of imprisonment. Having fully considered all of the 18 U.S.C. § 3553(a) factors, the district court believed that the advisory guideline range was too low to "account for the serious nature of the crime, the obstruction of justice, the multitude of forms of it, the repeated perjury." (J.A. 282). Ultimately, the district court sentenced Defendant to 264 months' imprisonment (120 months' imprisonment attributable to Count 3) and five years of supervised release.

## II

We review Defendant's sentence for reasonableness, applying the abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). Our review requires consideration of both the procedural and substantive reasonableness of his sentence. Id.

## III

Defendant raises six challenges to the procedural reasonableness of his sentence. The first pertains to the district court's denial of his second motion to continue his

8

sentencing hearing. The next four pertain to the district court's calculation of his advisory guideline range. The sixth challenge pertains to the adequacy of the district court's explanation regarding the applicability of 18 U.S.C. § 3553(a)'s sentencing factors. We address each challenge in turn.

A

Defendant first challenges his sentence on the ground that the district court abused its discretion by denying his second motion for a continuance of his sentencing hearing in order that he may procure the presence of Murillo to testify during the hearing. Defendant's challenge is without merit.

We review a district court's denial of a defendant's motion for a continuance of his sentencing hearing for an abuse of discretion. United States v. Speed, 53 F.3d 643, 644 (4th Cir. 1995). "Because a district court has broad discretion in scheduling the sentencing proceeding, absent a showing both that the denial was arbitrary and that it substantially impaired the defendant's opportunity to secure a fair sentence, we will not vacate a sentence because a continuance was denied." Id. at 644-45 (internal quotation marks and alteration marks omitted).

Here, the record reflects that the district court's denial of Defendant's second motion to continue his sentencing hearing was not arbitrary, but rather thoughtful and considered.

9

First, the district court correctly acknowledged that, contrary to Defendant's argument, the Confrontation Clause does not apply at sentencing, and therefore, Defendant did not have a right to cross examine Murillo about statements he made to law enforcement regarding Defendant's role in the offense. Powell, 650 F.3d at 393. Second, the district court was rightly cognizant of the fact that it had already granted Defendant a substantial continuance of his sentencing hearing and Defendant had nonetheless delayed in applying for a writ of habeas corpus ad testificandum with respect to Murillo until one month thereafter. Third and finally, the district court acknowledged that both Diaz and FV were present at the September 6 sentencing hearing and ready to testify as desired by Defendant. In sum, Defendant has not shown the required arbitrariness on the part of the district court.

Defendant has equally failed to show that the district court's refusal to continue his sentencing hearing for a second time in order to secure Murillo's testimony at the hearing substantially impaired Defendant's opportunity to secure a fair sentence. Although the PSR's account of Defendant's offense conduct came directly from law enforcement debriefings of Murillo, Defendant never identified for the district court the specific testimony he sought to extract from Murillo on the witness stand in support of any of his objections to the PSR.

10

Likewise, Defendant has failed to do so on appeal. We also note that two of Defendant's three coconspirators were present and ready to testify at his sentencing hearing as desired by Defendant.

In sum, Defendant has failed to show the district court abused its discretion in denying his second motion for a continuance of his sentencing hearing.

B

Defendant contends the district court procedurally erred by increasing his offense level by 1 level under USSG § 2B3.1(b)(6) for his participation in a robbery in which a firearm was taken, because, according to Defendant, the taking of a firearm during the robbery by one of his coconspirators was not reasonably foreseeable to him. We hold the district court did not procedurally err in this regard. Based upon the undisputed evidence in the record, Defendant reasonably foresaw that the convenience store owner would have a gun and that it would be stolen during the course of the robbery by one of his coconspirators.

C

Defendant contends the district court procedurally erred by increasing his offense level by 2 levels under USSG

11

§ 3B1.1(c) for being an organizer of and leader in the robbery. Defendant's contention is without merit.

Under USSG § 3B1.1(c), a defendant's offense level should be increased by 2 levels if he was an "organizer, leader, manager, or supervisor" of at least one other person in any criminal activity that did not involve five or more participants and was not otherwise extensive, USSG § 3B1.1(c). United States v. Rashwan, 328 F.3d 160, 166 (4th Cir. 2003); United States v. Sayles, 296 F.3d 219, 226 (4th Cir. 2002). We review a district court's finding regarding a defendant's role in the offense for purposes of applying a USSG § 3B1.1(c) enhancement for clear error. Here, the record contains ample evidence to support, by a preponderance of the evidence, the district court's finding that Defendant "fit the bill" of an organizer and leader within the framework of USSG § 3B1.1(c). (J.A. 260). Accordingly, we uphold this enhancement.

D

Defendant contends the district court procedurally erred by increasing his offense level by 2 levels under USSG § 3C1.1 for obstruction of justice. The obstruction of justice enhancement applies:

> If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation,

12

> prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense . . . .

USSG § 3C1.1. Defendant argues the enhancement does not apply because, assuming _arguendo_ that he willingly gave false testimony during his sentencing hearing, the district court failed to make specific findings that the subject of such testimony concerned matters material to his sentencing.

We hold the district court properly applied the obstruction of justice enhancement. First, Defendant does not take issue with the district court's factual findings that Defendant obstructed justice by threatening to kill FV if he cooperated with authorities and by threatening to have fellow prison inmates physically harm Diaz if he testified against him at his sentencing hearing. These two findings alone support application of the obstruction of justice enhancement.

Alternatively, the record establishes that although the district court did not specifically find that Defendant's willfully false testimony on numerous subjects was material to his sentencing, the district court provided sufficient explanation to permit us to conclude that such testimony was material to his sentencing. _See_ _United States v. Quinn_, 359 F.3d 666, 681 (4th Cir. 2004) (affirming obstruction of justice enhancement for perjury even though district court did not

13

specifically find defendant's false testimony was material, but did provide sufficient explanation to permit appellate court to conclude it was). For example, when discussing its rationale for applying the obstruction of justice enhancement, the district court stated: "He lied again when he said he never threatened anyone in this case. I think [he] absolutely did do that and he's a perjurer." (J.A. 264).

E

Defendant contends the district court procedurally erred by failing to lower his offense level by 3 levels for acceptance of responsibility under USSG § 3E1.1. Defendant's contention is without merit.

An enhancement for obstruction of justice "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct," outside of "extraordinary cases in which adjustments" for both obstruction of justice and acceptance of responsibility may be applicable. USSG § 3E1.1, comment. (n.4). Here, Defendant's conduct underlying his enhancement for obstruction of justice confirms that he has not accepted responsibility for his criminal conduct and this is not an extraordinary case in which both an enhancement for obstruction of justice and acceptance of responsibility should apply.

14

F

Defendant contends the district court failed to explain the extent to which the 18 U.S.C. § 3553(a) factors supported its sentencing him to a 264-month term of imprisonment, and therefore, imposed a procedurally unreasonable sentence. Defendant's contention is without merit. Our review of the record discloses the district court met its obligations of procedural reasonableness with respect to the § 3553(a) factors by placing on the record an individualized assessment of the § 3553(a) factors based on the particular facts of Defendant's case and explaining the extent to which the § 3553(a) factors supported its chosen sentence above his advisory range under the Guidelines in a manner sufficient to permit us to conduct meaningful appellate review. See United States v. Carter, 564 F.3d 325, 329-30 (4th Cir. 2009) (district court need not robotically tick through every § 3553(a) factor; conversely, talismanic recitation of every § 3553(a) factor without application to defendant being sentenced does not demonstrate reasoned decision-making or provide adequate basis for appellate review; rather, district court must place on record individualized assessment based on particular facts of case at hand; such assessment need not be elaborate or lengthy, but must provide rationale tailored to particular case at hand and adequate to permit meaningful appellate review).

15

Having concluded Defendant's sentence is procedurally reasonable, we now review for abuse of discretion its substantive reasonableness, examining the totality of the circumstances, including the extent of the district court's upward variance from Defendant's advisory range under the Guidelines. See United States v. Morace, 594 F.3d 340, 345-46 (4th Cir. 2010) (in reviewing sentence for substantive reasonableness, appellate court must take into account totality of the circumstances, including extent of any variance from defendant's advisory guideline range). We have reviewed the record and conclude that the district court considered the parties' arguments and fully explained its decision pursuant to the § 3553(a) factors, particularly Defendant's extraordinary behavior in threatening to murder a cooperating juvenile witness, his repeated perjury during the sentencing hearing, the substantial need for deterrence, and the need to protect the public from Defendant. Defendant has failed to demonstrate an abuse of discretion. Accordingly, we uphold Defendant's sentence as substantively reasonable.

V

For the reasons stated herein, we affirm Defendant's sentence. We dispense with oral argument because the facts and

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED