**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1892**

GREGORY ARTHUR REID, JR.,

        Plaintiff - Appellant,

    v.

CHARLOTTE MECKLENBURG SCHOOLS; MECKLENBURG COUNTY BOARD OF
EDUCATION,

        Defendants - Appellees,

    and

RACHEL CORN; MAUREEN FURR; JANET H. HAMILTON; RHONDA
HOUSTON; BRANDY NELSON; ALICIA MCCREE,

        Defendants.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte. Frank D. Whitney,
Chief District Judge. (3:14-cv-00066-FDW-DSC)

Submitted: January 27, 2017      Decided: February 1, 2017

Before WILKINSON, MOTZ, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gregory Arthur Reid, Jr., Appellant Pro Se. Courtney Collins
Rogers, CHARLOTTE-MECKLENBURG GOVERNMENT CENTER, Charlotte,

North Carolina; Karl Dean Shatley, II, CAMPBELL SHATLEY, PLLC, Asheville, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Arthur Reid, Jr., appeals from the district court's judgment entered after a jury trial on his retaliation claim raised pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (2012). Finding no reversible error, we affirm.

Reid first challenges the district court's order granting partial summary judgment to Charlotte Mecklenburg Schools. We have reviewed the record and conclude that no genuine dispute of material fact exists. See Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 565, 568 (4th Cir. 2015) (setting forth standard of review). Accordingly, we affirm for the reasons stated by the district court. Reid v. Charlotte Mecklenburg Schs., No. 3:14-cv-00066-FDW-DSC (W.D.N.C. Feb. 12, 2016.)

Reid next contends that the district court erred in denying his motion for a continuance. We review for abuse of discretion a district court's decision to deny a motion for continuance. United States v. Speed, 53 F.3d 643, 644 (4th Cir. 1995). We conclude that the district court did not abuse its discretion, as Reid was able to participate in the trial proceedings and does not allege that participation in the trial presented a substantial danger to his health. See Latham v. Crofters, Inc., 492 F.2d 913, 916 (4th Cir. 1974).

Finally, Reid contends that the district court erred in admitting a photograph of him and his boyfriend. "We review a trial court's rulings on the admissibility of evidence for abuse of discretion . . . ." Minter v. Wells Fargo Bank, N.A., 762 F.3d 339, 349 (4th Cir. 2014) (internal quotation marks omitted). An evidentiary error is harmless unless it affects a party's substantial rights. Fed. R. Civ. P. 61; United States ex rel. Drakeford v. Tuomey, 792 F.3d 364, 375 (4th Cir. 2015). Even if the district court could be deemed to have erred, any error was harmless, as the district court admitted only the single photograph that did not identify the other individual as Reid's boyfriend, and the court gave a limiting instruction. See Smith v. Balt. City Police Dep't, 840 F.3d 193, 203-04 (4th Cir. 2016).

Accordingly, although we grant Reid leave to proceed in forma pauperis, we affirm the district court's judgment. We further deny Reid's motion for transcripts at government expense and to appoint counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED