**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4981**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

DOUGLAS G. TAYLOR, a/k/a Bo Taylor,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.    Leonie M. Brinkema, District Judge.  (1:13-cr-00316-LMB-1)

Submitted:  August 27, 2014        Decided:  September 11, 2014

Before KING and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, W. Todd Watson, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant.  Dana J. Boente, United States Attorney, Mark D. Lytle, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Douglas G. Taylor appeals from his twenty-four-month sentence imposed after he pled guilty to one count each of wire fraud, in violation of 18 U.S.C. § 1343 (2012), and filing a false individual income tax return, in violation of 26 U.S.C. § 7206(1) (2012). The case arose from allegations that Taylor schemed to defraud the Remington Volunteer Fire and Rescue Department ("RVFD"), where he was the Chief, and the Prince William County Schools, where he was employed. On appeal, Taylor asserts that his sentence is unreasonable because the district court miscalculated his Guidelines range and ultimately issued an erroneous restitution order when it: (1) included as relevant conduct in calculating his loss amount conduct pertaining to dismissed charges; (2) failed to subtract from the loss amount the value of the work Taylor contributed to the RVFD; and (3) failed to address Taylor's argument that the tax loss was overstated. Taylor also asserts that the district court abused its discretion when it denied the parties' joint motion to continue sentencing. Finding no error, we affirm.

Taylor challenges the reasonableness of his sentence, which we review for abuse of discretion. United States v. Cobler, 748 F.3d 570, 581 (4th Cir. 2014), pet. for cert. filed, __ S. Ct. __ (U.S. July 10, 2014) (No. 14-5307). The first step in our review of a sentence mandates that we ensure that the

2

district court committed no significant procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. (internal quotation marks and alterations omitted).

"In assessing whether a sentencing court has properly applied the Guidelines, we review factual findings for clear error and legal conclusions de novo." United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010); see also United States v. Allmendinger, 706 F.3d 330, 341 (4th Cir.) (noting that loss attributable to fraud is a factual finding that is reviewed for clear error), cert. denied, 133 S. Ct. 2747 (2013). A sentence within or below the applicable Guidelines range is presumptively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012). We have considered the parties' arguments and have reviewed the record and discern no reversible error in the district court's sentencing determinations. Accordingly, we affirm Taylor's twenty-four-month variant sentence.

We reject Taylor's assertion that the district court committed reversible error when it denied the parties' joint motion for a continuance of his sentencing hearing. Fed. R. Crim. P. 32(b)(1) provides that "[t]he court must impose

3

sentence without unnecessary delay." Thus, "a trial court's denial of a continuance is reviewed for abuse of discretion; even if such an abuse is found, the defendant must show that the error specifically prejudiced her case in order to prevail." United States v. Williams, 445 F.3d 724, 739 (4th Cir. 2006) (internal quotation marks and brackets omitted); see United States v. Copeland, 707 F.3d 522, 531 (4th Cir.) ("In light of the fact that Copeland's . . . sentencing had been scheduled for over three months, the district court's denial of additional time for preparation was neither unreasoning nor arbitrary."), cert. denied, 134 S. Ct. 126 (2013).

We will only vacate a sentence when the denial of a continuance was arbitrary and the denial "substantially impaired the defendant's opportunity to secure a fair sentence[.]" United States v. Speed, 53 F.3d 643, 644 (4th Cir. 1995). We must, however, be mindful of "possible Sixth Amendment implications concerning the ability of counsel for the defendant to provide effective assistance" at sentencing. Id. at 645.

A review of the district court record establishes that it was unlikely that a continuance would have resulted in any agreement on loss amount by the parties. To the contrary, despite multiple attempts by the parties to agree on appropriate loss amounts, neither Taylor nor the Government was willing to concede on an amount. Moreover, it is apparent from the

4

district court's order denying the motion for a continuance that the district court was legitimately concerned about Taylor's lead attorney leaving the Federal Public Defender's Office. And since Taylor's lead attorney was involved in Taylor's case from early on and, thus, intimately aware of the details of Taylor's case, there is no indication that Taylor was denied his Sixth Amendment rights because of the district court's denial of his motion for a continuance. Accordingly, we find the district court's denial of additional time for preparation to be neither unreasoning nor arbitrary.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED